**Stephen WATSON, Appellant,**

v.

**Glenn MORAY, Appellee.**

**No. 05–04–00418–CV.**

Court of Appeals of Texas, Dallas.

May 10, 2004.

M. Steve Nagle, Gwinn & Roby, Dallas, for Appellant.

Eric Houghton Marye, Dallas, for Appellee.

Before Justices MOSELEY, BRIDGES, and LANG–MIERS.

**OPINION**

Opinion by Justice MOSELEY.

The Court notified appellant that it questioned its jurisdiction over this ap-

peal and directed appellant to explain how the Court has jurisdiction over the appeal. Appellant is appealing the granting of a motion for new trial. An order granting a motion for new trial is not an appealable order. *Cummins v. Paisan Constr. Co.,* 682 S.W.2d 235, 236 (Tex.1984). Appellant nevertheless contends we can exercise jurisdiction over this appeal under Texas Civil Practice and Remedies Code subsection 51.014(f). Appellant argues that although this is not an agreed appeal of an otherwise interlocutory order under subsection 51.014(d), an appellate court's ability to permit an appeal under 51.014(f) is "purely discretionary" and is independent of any requirements under 51.014(d). We disagree.

Sections 51.014(d) and (f) provide that:

(d) A district court may issue a written order for interlocutory appeal in a civil action not otherwise appealable under this section if:

(1) the parties agree that the order involves a controlling question of law as to which there is a substantial ground for difference of opinion;

(2) an immediate appeal from the order may materially advance the ultimate termination of the litigation; and

(3) the parties agree to the order.

(f) If application is made to the court of appeals that has appellate jurisdiction over the action not later than the 10th day after the date an interlocutory order under Subsection (d) is entered, the appellate court may permit an appeal to be taken from that order.

Tex. Civ. Prac. & Rem.Code Ann. § 51.014(d), (f) (Vernon Supp.2004). Thus, the appellate court "may permit" an appeal of an otherwise non-appealable order un-

der subsection (f) only if the appeal is ordered by the trial court pursuant to the terms of subsection (d). We disagree with appellant's argument that section 51.014(f) grants authority to this Court "to review any order desirable."

Because the appeal concerns an interlocutory order not otherwise appealable and does not fall within the ambit of section 51.014(d), this Court has no jurisdiction, thus no discretion to permit the appeal under Section 51.014(f). Accordingly, the Court **DISMISSES** this appeal for want of jurisdiction. Tex.R.App. P. 42.3(a).