**STATE FAIR OF TEXAS, Appellant,**

**v.**

**IRON MOUNTAIN INFORMATION MANAGEMENT, INC.,**
**Appellee.**

**No. 05–09–00285–CV.**

Court of Appeals of Texas,
Dallas.

Oct. 20, 2009.

Thomas V. Murto III, Madden Sewell, LLP, Henry S. Wehrmann, Stradley &

Wright, Robert Bryan Smith, Dallas, TX, for Appellant.

Christopher H. Rentzel, Bracewell & Giuliani LLP, Dallas, TX, for Appellee

Before Justices MORRIS, BRIDGES, and MURPHY.

## OPINION

Opinion By Justice MURPHY.

In this agreed interlocutory appeal, we must first determine jurisdiction. Appellant State Fair of Texas complains of error in the trial court's partial summary judgment limiting State Fair's tort and contract damages for Iron Mountain Information Management, Inc.'s alleged failure to shred fair coupons. Jurisdiction depends on the statutory requirements that (1) the appeal involve "a controlling question of law as to which there is a substantial ground for difference of opinion," and (2) "an immediate appeal" of the otherwise unappealable interlocutory order "may materially advance the ultimate termination of the litigation." *See* TEX. CIV. PRAC. & REM.CODE ANN. § 51.014(d) (Vernon 2008); TEX.R.APP. P. 28.2. We conclude the appeal does not meet the statutory requirements and therefore dismiss for want of jurisdiction.

## BACKGROUND

State Fair sued Iron Mountain for breach of contract, conversion, negligence, negligent misrepresentation, fraud, and fraudulent inducement, contending unissued concession and ride coupons State Fair delivered to Iron Mountain for shredding at the conclusion of the 2002, 2003, and 2004 fairs were instead distributed and redeemed at subsequent fairs. State Fair sought actual, consequential, and exemplary damages in excess of $1 million.

Two years after suit was filed, Iron Mountain moved for summary judgment based on three discrete contract provisions limiting damages and shifting the risk of loss to State Fair, as well as a *DeLaney* analysis of State Fair's non-contract claims. *See Sw. Bell Tel. Co. v. DeLaney*, 809 S.W.2d 493, 494–95 (Tex.1991) (concluding tort claim based on failure to perform duties subsumed in contract was not independently viable). State Fair responded that the contractual limitations were inapplicable to non-contract claims, the risk-shifting clauses were barred by the fair notice requirement,[1] and the contract had been orally modified when Iron Mountain's shredder became inoperable. Without specifying a basis, the trial court granted partial summary judgment for Iron Mountain and specifically ordered that "in the event that the jury finds that Iron Mountain is liable to Plaintiff under any of Plaintiff's causes of action, the maximum amount of damages that Plaintiff may be awarded from Iron Mountain is hereby limited to $7,601.00." This agreed interlocutory appeal followed.

## ANALYSIS

The law is well-settled that interlocutory orders not disposing of all issues against all parties are immediately appealable in only narrow situations permitted by statute. *See Gross v. Innes*, 988 S.W.2d 727, 729 (Tex.1998) (interlocutory orders typically not immediately appealable); *Jack B. Anglin Co., Inc. v. Tipps*, 842 S.W.2d 266, 272 (Tex.1992) (unless permitted by statute, appeals allowed only from final orders that dispose of all legal issues between all parties). Because interlocutory appeals are allowed only in limit-

---

1. *See Littlefield v. Schaefer,* 955 S.W.2d 272, 274 (Tex.1997) (risk-shifting clauses must satisfy fair notice requirement that clause be conspicuous).

ed situations, we strictly construe section 51.014 authorizing such appeals. *See Bally Total Fitness Corp. v. Jackson,* 53 S.W.3d 352, 355 (Tex.2001); *see also W. Dow Hamm III Corp. v. Millennium Income Fund, L.L.C.,* 237 S.W.3d 745, 751 (Tex.App.-Houston [1st Dist.] 2007, no pet.) (statutes authorizing interlocutory appeals are strictly construed).

Section 51.014 lists the types of civil orders from district courts, county courts at law, and county courts that are immediately appealable.[2] *See* TEX. CIV. PRAC. & REM.CODE ANN. § 51.014. The statute also authorizes an agreed interlocutory appeal if:

(1) the parties agree that the interlocutory order sought to be appealed involves a controlling question of law as to which there is a substantial ground for difference of opinion;

(2) an immediate appeal from the order may materially advance the ultimate termination of the litigation; and

(3) the parties agree to the order.

*Id.* § 51.014(d).

■ Texas Rule of Appellate Procedure 28.2 prescribes the procedure for agreed interlocutory appeals. *See* TEX.R.APP. P. 28.2 cmt. The notice of appeal requires *inter alia* (1) a copy of the trial court's order granting permission to appeal; (2) a copy of the appealed order; (3) a brief statement of the issues presented or points presented; and (4) a concise explanation of how an immediate appeal may materially advance the ultimate termination of the litigation. *Id.* 28.2(c). If a jurisdictional defect exists, the court of appeals may dismiss the appeal for lack of jurisdiction at any stage of the appeal. *Id.* 28.2(d).

Here, State Fair's notice of appeal frames the issue presented as:

> Whether the trial court erred by granting Iron Mountain partial summary judgment that in the event the jury finds that Iron Mountain is liable to Plaintiff under any of Plaintiff's causes of action, the maximum amount of damages that Plaintiff may be awarded from Iron Mountain is hereby limited to $7,601.00.

This statement assigns error to the trial court's order limiting damages and is a verbatim recitation of the operative language of the order. The notice does not identify a "controlling question of law as to which there is a substantial ground for difference of opinion" or how the court's order involves such a question. *See Diamond Prods. Int'l v. Handsel,* 142 S.W.3d 491, 494 (Tex.App.-Houston [14th Dist.] 2004, no pet.) (concluding under former section 51.014(f) that, "to persuade the court of appeals to grant permission to appeal, appellant should include facts and argument addressing the requirements of section 51.014(d)"); *Stolte v. County of Guadalupe,* 139 S.W.3d 406, 410 (Tex. App.-San Antonio 2004, no pet.) (same).[3]

---

2. Authority for interlocutory appeals is also contained in Texas Rule of Civil Procedure 76a and interspersed among various other statutes. *See* TEX R. CIV. P. 76a(8) (order relating to sealing or unsealing of court records); *see, e.g.,* TEX. CIV. PRAC & REM.CODE ANN. §§ 15.003(b) (Vernon 2008) (order determining venue for intervening plaintiffs), 51.016 (Vernon Supp. 2009) & 171.098 (Vernon 2005) (certain orders concerning arbitration); TEX. FAM.CODE ANN. § 56.01(c)(1)(D) (Vernon

Supp. 2009) (order committing child to facility for the mentally ill or mentally retarded).

3. Former section 51.014(f) expressly gave the courts of appeals discretion to accept an agreed interlocutory appeal. *See* Act of May 17, 2001, 77th Leg., R.S., ch. 1389, § 1, 2001 Tex. Gen. Laws 3575, 3575, *repealed* by Act of May 27, 2005, 79th Leg., R.S., ch. 1051, § 2, 2005 Tex. Gen. Laws 3512, 3513; *Watson v. Moray,* 133 S.W.3d 877, 877 (Tex.App.-Dallas 2004, mandamus denied). In 2005, the legis-

In an effort to preserve the appeal, we have reviewed the entire record, including the motion for summary judgment, the response, the trial court's order granting partial summary judgment, the agreed motion for interlocutory appeal, the agreed order granting the motion for interlocutory appeal, and the parties' briefs on the merits. The record does not reveal the basis or bases for the trial court's order granting partial summary judgment and the parties' appellate briefs state different issues, including Iron Mountain's procedural arguments of waiver and a claim that State Fair presented no evidence to the trial court in response to the summary judgment motion. The agreed motion suggests two questions of law: (1) the interpretation of an unambiguous contract; and (2) limitation of liability under the contract. Yet the motion does not specify what question is controlling or how "a substantial ground for difference of opinion" exists. The record reveals a contract dispute involving the application of well-settled law in which both tort and contract claims are alleged. Neither the trial court nor any party has identified a controlling question of law as to which there is a substantial ground for difference of opinion and the parties confirmed at oral argument they are seeking a standard appellate analysis of all the bases that could support the trial court's partial summary judgment. *See Carr v. Brasher*, 776 S.W.2d 567, 567 (Tex.1989) (appellate court affirms summary judgment on any meritorious theory when trial court does not specify grounds for its ruling).

Given the limited nature of interlocutory appeals and the requirement we construe statutes authorizing such appeals strictly, we conclude State Fair has not satisfied the statutory requirements of section 51.014(d). Absent legislative mandate, we may not disregard the statutory requirements to enlarge appellate jurisdiction to any agreed interlocutory appeal. The failure to present a controlling question of law as to which there is a substantial ground for difference of opinion precludes jurisdiction under the strict standards for interlocutory appeals.[4] *See Bally*, 53 S.W.3d at 355. Accordingly, we dismiss this appeal for want of jurisdiction.

lature amended section 51.014 and repealed subsection (f). *See* Act of May 27, 2005, 79th Leg., R.S., ch. 1051, § 2, 2005 Tex. Gen. Laws 3512, 3513. Because the requirements for agreed interlocutory appeals under section 51.014(d) have not changed and because our jurisdiction is never presumed, we find these cases instructive.

4. A review of the record and the parties' submission arguments does not show any ability of the parties or the trial court to identify the elements meeting the statutory requirements and abatement for further briefing would only delay the parties' ultimate resolution of the issues in dispute. *See* Tex. R.App. P. 28.2(d) (appellate court may order additional briefing or allow amended notice if jurisdictional question exists).