Opinion issued August 19, 2010.



In The

Court of
Appeals

For The

First District
of Texas

————————————

NO. 01-08-00639-CV

———————————

CSfB 1998-PI Buffalo Speedway Office, Ltd. Partnership, LNR
Partners, Inc., and Mirio, Inc., d/b/a Moody Rambin Office Services f/k/a Moody
Rambin Interest, Inc., Appellants

V.

Amtech
Elevator Services Company, Appellee



 



 

On Appeal from the 270th District Court

Harris County, Texas



Trial Court Case No. 0639331

 



 

MEMORANDUM OPINION

          This is an
appeal of an award of attorney’s fees to appellants, CSFB 1998-PI Buffalo
Speedway Office, Ltd. Partnership, LNR Partners, Inc., and Mirio, Inc., d/b/a
Moody Rambin Office Services f/k/a Moody Rambin Interests, Inc. (collectively,
CSFB).  In two issues, CSFB argues that:
(1) the trial court erred in sustaining the objection of appellee, Amtech
Elevator Services Company (Amtech), to CSFB’s attorney’s affidavit regarding
attorney’s fees; and (2) the award of attorney’s fees was insufficient.

          We
reverse and remand.

Background

          In
2003, VTM Elevator Company entered into a service contract with CSFB whereby
VTM would service elevators at 3700 Buffalo Speedway, a property owned by CSFB.  Subsequently, Amtech entered into a contract
that assumed the contractual responsibilities of VTM.  On August 9, 2004, Ross Bridwell sustained an
injury on one of CSFB’s elevators when the elevator dropped and then stopped
abruptly.  Bridwell sued Amtech and CSFB
alleging negligence and premises liability.

CSFB filed a cross action against
Amtech, alleging that Amtech had breached its contract by failing to defend and
indemnify CSFB and by failing to name CSFB as an additional insured on Amtech’s
liability policy.  Amtech denied the
allegations.  CSFB moved for summary
judgment, arguing that the service contract and indemnity agreement were valid
and enforceable.  On February 15, 2007, the
trial court granted summary judgment in favor of CSFB, finding that “Amtech
[had] a duty to defend [CSFB] in the underlying suit” and that “Amtech [had] a
duty to indemnify [CSFB] for any amount awarded to [Bridwell] by the
trier-of-fact against [CSFB].”  The trial
court ordered Amtech to pay CSFB $2,500 “for the reasonable and necessary attorney’s
fees incurred by [CSFB] to defend themselves in this suit and to prosecute the
Cross-claim against Amtech” and to “pay all costs of such defense through the
end of this case and all appeals that may follow.”  On the same day, the trial court signed an
order allowing an interlocutory appeal of its summary judgment order under
Texas Civil Practice and Remedies Code section 51.014(d), which allows an
interlocutory appeal of a controlling question of law if certain requirements
are met.  See Tex. Civ. Prac. &
Rem. Code Ann. § 51.014(d) (Vernon 2008).

On March 5, 2007, CSFB moved the
trial court to reconsider or, in the alternative, to amend the summary judgment
order on attorney’s fees only.  CSFB
argued that the amount of attorney’s fees awarded by the trial court’s summary
judgment order “did not comport with the evidence submitted to the Court on
that issue.”  CFSB stated that it had
incurred approximately $15,738.85 in attorney’s fees as of February 27, 2007
and that Amtech had “submitted no evidence countering that evidence on
attorney’s fees.”  The trial court denied
CSFB’s motion. 

On May 11, 2007, Amtech filed its
notice of interlocutory appeal of the trial court’s summary judgment to this
Court, arguing that the indemnity provision in the service contract was
unenforceable because it did not satisfy both fair notice requirements of the
express negligence doctrine and conspicuousness, and that summary judgment was
improper because Amtech had complied with its contractual agreement to name
CSFB as an additional insured on its insurance policy.  Amtech
Elevator Servs. Co. v. CSFB 1998-PI Buffalo Speedway Office Ltd. P’ship,
248 S.W.3d 373, 377, 379 (Tex. App.—Houston [1st Dist.] 2007, no pet.). 
This Court overruled both of Amtech’s issues and affirmed the trial
court’s summary judgment order.  Id. at 379, 381.

While the appeal of the original
summary judgment was pending, approximately two months after Amtech filed its
notice of appeal, CSFB filed a motion in the trial court for award of appellate
attorney’s fees.  This motion was
accompanied by the affidavit of Scott Weiss, who, after listing his background
experience, averred that CSFB had “incurred $14,137.50 in appellate fees to
date, accounting for a total of 113.10 hours worked on the matter multiplied by
my billable rate of $125.00 per hour.” 
Weiss further outlined the specific work he completed in defending the
appeal, including reviewing documents, drafting motions, including a motion to
extend time, conducting research, drafting and filing an appellate brief, and
working on additional briefing for possible filing.

Amtech responded, arguing, in part,
that an order granting additional attorney’s fees “would violate the applicable
rules because such an order would interfere with the order currently pending on
interlocutory appeal,” that CSFB had waived its right to request additional
attorney’s fees by failing to request them previously, and that the attorney’s
fees CSFB sought were “not reasonable or necessary.”  This response was accompanied by the
“Counter-Affidavit of Bradley M. Bingham on Affidavit on Appellate Attorney’s
Fees of Scott Weiss.”  Bingham’s
affidavit provided his background as a partner at Bingham, Mann, House &
Gibson and as a licensed attorney since 1978. 
Bingham averred that $14,137.50 for 113.10 hours of work was not
reasonable or necessary because “the issues on appeal were drafted and argued
extensively before the trial court prior to appeal” and CSFB’s brief was “just
over 14 pages long and is confined to the issues briefed and argued before the
trial court.”  Bingham also averred that
“the motion for extension of time, post-filing research, and additional
briefing for possible filing” listed by Weiss in his affidavit were not
“necessary services, and the fees charged for these services are therefore not
reasonable and necessary.”  The trial
court subsequently held a hearing on the motion to award appellate attorney’s
fees and issued an order on August 13, 2007 denying CSFB’s motion.

Just one day before we issued our
opinion on the interlocutory appeal of the original summary judgment, the trial
court issued its order granting Bridwell’s motion to dismiss his claims without
prejudice.  CSFB and Amtech both filed
motions for entry of final judgment.  CSFB’s
motion stated that Amtech “refuses to honor its contractual obligations and
reimburse [CSFB] for all attorney’s fees incurred defending the claims asserted
by [Bridwell] and prosecuting [CSFB’s] breach of contract claims against
[Amtech].”  CSFB asked the trial court to
“enter a Final Judgment in this case awarding [CSFB] all attorney’s fees
incurred by them to defend against [Bridwell’s] suit and those incurred
prosecuting their breach of contract claim against [Amtech] as well as for the
settlement funds paid to settle [Bridwell’s] suit as more fully described in
the attached affidavit of Les Pickett.”  Pickett’s affidavit listed the actions CSFB
took in defending itself against Bridwell’s claim and in prosecuting its claims
against Amtech and then stated,

In connection with the
representation of [CSFB] in this case, the necessary and reasonable attorney’s
fees and expenses incurred to date are approximately $67,000.00.  To preserve their privileges, [CSFB] will
submit fee bills for an in camera
inspection to substantiate the amount of attorney’s fees incurred in this
litigation rather than attaching them to this Motion for Entry of Final
Judgment.  [CSFB], however, incorporates
the referenced fee bills in its Motion for Entry of Final Judgment as if set
forth fully therein.  In addition to
those fees already incurred, [CSFB] expect[s] to incur at least an additional
$1,000.00 for fees and expenses to handle this matter through the entry of
final judgment.

 

Amtech’s motion for entry of final
judgment asked the trial court to enter final judgment awarding the $2,500 in
attorney’s fees that the trial court ordered in its original summary
judgment.  Amtech argued that this Court’s
judgment on the interlocutory appeal affirmed that original summary judgment,
“which included the award of $2,500,” that the trial court had already
repeatedly denied CSFB’s requests for additional attorney’s fees, and that CSFB
had “waived any right to complain about the award” because it “did not raise an
issue with this award for attorney’s fees in the appeal of the order or
otherwise appeal the award of attorney’s fees.” 
Amtech also objected to Pickett’s affidavit on attorney’s fees, arguing
that it could not be easily controverted and could not support attorney’s fees
of $67,000.  Amtech did not provide any
countervailing evidence.

The trial court denied CSFB’s
motion for entry of final judgment and sustained Amtech’s objection to
Pickett’s affidavit on attorney’s fees on March 27, 2008.  On April 28, 2008, without any further hearing
or motions, the trial court entered final judgment ordering Amtech to pay CFSB $46,599
“representing the amounts [CSFB] paid to [Bridwell] in settlement of”
Bridwell’s claims and $2,500 “for the reasonable and necessary attorney’s fees
incurred by [CSFB] to defend themselves in this suit and to prosecute their
cross-action against Amtech Elevator Services Company.”  On May 21, 2008, CSFB filed a motion for new
trial, arguing that the award of attorney’s fees in the final judgment was
improper. Amtech responded, arguing, among other things, that this Court had
already decided the issue of attorney’s fees in the interlocutory appeal and
that CSFB had waived any right it had to assert a claim for increased attorney’s
fees because it did not raise that issue in the interlocutory appeal.  The trial court denied the motion for new
trial on June 4, 2008.  This appeal
followed.

Waiver

          Amtech
argues that CSFB waived its right to complain about the amount of attorney’s
fees awarded by the trial court because it did not complain about the award of
$2,500 in the interlocutory appeal of the original summary judgment.

          The
first appeal was brought pursuant to section 51.014(d) of the Texas Civil
Practice and Remedies Code, which provides:

A district court, county
court at law, or county court may issue a written order for interlocutory
appeal in a civil action not otherwise appealable under this section if:

 

(1) the parties agree that the
order involves a controlling question of law as to which there is a substantial
ground for difference of opinion;

 

(2) an immediate appeal from the
order may materially advance the ultimate termination of the litigation; and

 

(3) the parties agree to the
order.

 

Tex. Civ. Prac. & Rem.
Code Ann. § 51.014(d).  Section 51.014(e)
provides:

An appeal under Subsection
(d) does not stay proceedings in the trial court unless the parties agree and
the trial order, the court of appeals, or a judge of the court of appeals
orders a stay of the proceedings.

 

Tex. Civ. Prac. & Rem.
Code Ann. § 51.014(e).  It is well-settled
that interlocutory orders not disposing of all parties are immediately
appealable in only narrow situations permitted by statute.  State
Fair of Texas v. Iron Mountain Info. Mgmt., Inc., 299 S.W.3d 261, 262 (Tex.
App.—Dallas 2009, no pet.); see Gross v.
Innes, 988 S.W.2d 727, 729 (Tex. 1998); Jack
B. Anglin Co. v. Tipps, 842 S.W.2d 266, 272 (Tex. 1992).  Statutes authorizing interlocutory appeals
are strictly construed.  W. Dow Hamm III Corp. v. Millennium Income
Fund, L.L.C., 237 S.W.3d 745, 751 (Tex. App.—Houston [1st Dist.] 2007, no
pet.).

Agreed interlocutory appeals
brought under section 51.014(d) are limited to considering “a controlling
question of law as to which there is a substantial ground for difference of
opinion.”  See Tex. Civ. Prac. &
Rem. Code Ann. § 51.014(d)(1); see also State Fair, 299 S.W.3d at 263 (dismissing interlocutory
appeal for want of jurisdiction because notice of appeal did not identify “‘controlling
question of law as to which there is a substantial ground for difference of
opinion’ or how the court’s order involves such a question”).  Furthermore, an interlocutory appeal under
section 51.014(d) does not automatically stay proceedings in the trial court or
deprive the trial court of jurisdiction. 
See Tex. Civ. Prac. & Rem. Code Ann. § 51.014(e).

Here, CSFB is arguing that the
amount of attorney’s fees awarded by the trial court was insufficient because CSFB
continued to incur expenses due to Amtech’s appeal of the trial court’s
original summary judgment order and the continued litigation in the trial
court.  This complaint, by its very
nature, could not have been brought in the previous appeal, because it is not “a
controlling question of law as to which there is a substantial ground for
difference of opinion” and because the total amount of attorney’s fees CSFB
incurred in defending against Bridwell’s claims and prosecuting its claims
against Amtech could not be determined on interlocutory appeal while the trial
court still had jurisdiction and litigation was ongoing.  See Tex. Civ. Prac. & Rem. Code Ann. §
51.014(d), (e); see also Volume Millwork,
Inc. v. W. Houston Airport Corp., 218 S.W.3d  722, 735 (Tex. App.—Houston [1st Dist.] 2006,
pet. denied) (“The reasonableness of an attorney’s fee award generally presents
a question of fact.”).  The additional
expenses about which CSFB complains in this appeal had not yet been incurred at
the time of the first appeal.  Thus, CSFB’s
multiple motions filed after the trial court’s original grant of summary
judgment raising the issue of the amount of attorney’s fees continually being
incurred were timely and sufficient to put the trial court on notice of CSFB’s
complaint.  See Tex. R. App. P.
33.1(a) (stating that party must have presented timely request, objection, or
motion that states specific grounds for desired ruling to trial court to
preserve complaint for appellate review).

          We
hold that CSFB did not waive its right to bring its complaints on appeal.

Amount of Attorney’s Fees

          In
its first issue, CSFB argues that the trial court erred in sustaining Amtech’s
objection to CSFB’s attorney’s affidavit regarding attorney’s fees.  In its second issue, CSFB argues that the
trial court’s award of $2,500 in attorney’s fees was insufficient in light of
its uncontroverted evidence that it expended $67,000 in defending itself
against Bridwell’s claims and in prosecuting its own breach of contract claims
against Amtech.

Amtech argues that the trial court
did not err because the affidavit of CSFB’s attorney, Les Pickett, “could not
be readily controverted and, once challenged, could not support an award of ‘at
least $67,000.00’ in attorney’s fees.”  Amtech
argues that “the affidavit did not contain an itemization including the
specific work performed, the billing rates of the attorneys and other legal
staff who performed the work, or the time billed for the work performed” and
that it was not sufficient for Amtech to submit billing records in camera for the trial court to review
and not submit those records to Amtech itself for review.  Thus, Amtech argues that the evidence
supports the trial court’s award of $2,500 in attorney’s fees.

          This
Court determined in the interlocutory appeal that Amtech was required to
indemnify CSFB for its reasonable and necessary attorney’s fees incurred in
definding itself against Bridwell’s claims and in prosecuting its cross-claims
against Amtech.  See Amtech Elevator Servs., 248 S.W.3d at 379 (affirming trial
court’s summary judgment order finding valid indemnity agreement between Amtech
and CSFB).  Thus, the only question
regarding attorney’s fees to be answered by the trial court before it entered
final judgment was the amount of fees CSFB reasonably incurred in defending
itself against Bridwell’s claims and in seeking to enforce the indemnity
agreement with Amtech.  

          We review both evidentiary rulings and
a trial court’s award of attorney’s fees for an abuse of discretion.[1]  See Owens-Corning Fiberglas Corp. v. Malone,
972 S.W.2d 35, 43 (Tex. 1998) (providing standard of review for evidentiary
rulings); Bocquet v. Herring, 972
S.W.2d 19, 21 (Tex. 1998) (providing standard of review for award of attorney’s
fees).  A trial court abuses its
discretion when it rules without regard for any guiding rules or
principles.  Malone, 972 S.W.2d at 43.  The
party seeking attorney’s fees bears the burden of proving those fees.  Stewart
Title Guar. Co. v. Sterling, 822 S.W.2d 1, 10 (Tex. 1991).  Whether fees are reasonable and necessary is
a question of fact.  Bocquet, 972 S.W.2d at 21.

          We assume without deciding that Les
Pickett’s affidavit submitted in support of CSFB’s claim for attorney’s fees
was insufficient to establish as a matter of law that CSFB was entitled to
$67,000 in attorney’s fees.  However, in filing
its motion for entry of final judgment along with Pickett’s affidavit, CSFB
essentially requested a summary judgment on the amount of reasonable and
necessary attorney’s fees.  See State Bar of Tex. v. Heard, 603
S.W.2d 829, 833 (Tex. 1980) (holding that courts give effect to substance of
plea or motion rather than its form or title). 
Pickett’s affidavit was
sufficient to raise a fact question regarding the amount of attorney’s fees
that CSFB was entitled to pursuant to its indemnity agreement with Amtech.  The affidavit listed the actions CSFB took in
defending itself against, and ultimately settling, Bridwell’s claims and in
prosecuting its claims against Amtech under the indemnity agreement, including
the interlocutory appeal to this court. 
Pickett averred that CSFB had incurred $67,000 in attorney’s fees and
expenses and that, in his opinion as an experienced attorney “familiar with the
reasonable attorney’s fees awarded in Harris County,” this amount was
reasonable and necessary based upon the factors provided in State Bar
Disciplinary Rule 1.04 and Arthur
Anderson & Co. v. Perry Equipment Corp. 
See Arthur Anderson & Co. v.
Perry Equip Corp., 945 S.W.2d 812, 818 (Tex. 1997) (quoting Tex. Disciplinary R. Prof. Conduct
1.04, reprinted in Tex. Gov’t Code Ann., tit. 2, subtit. G
app. (State Bar Rules, art. IX))
(listing eight factors fact-finder should consider in determining
reasonableness of attorney’s fees, including time and labor required, fee
customarily charged in locality for similar legal services, nature and length
of professional relationship with client, experience, reputation and ability of
lawyer performing services, and others); see
also Gutierrez v. Elizondo, 139 S.W.3d 768, 777 (Tex. App.—Corpus Christi
2004, no pet.) (“Testimony of a local attorney as to what would be a reasonable
fee for handling the case is evidence that supports an award of attorney’s
fees.”).

Pickett’s affidavit, at a minimum, raised a fact question regarding the
amount of attorney’s fees, and it clearly supported an award of attorney’s fees
greater than the $2,500 awarded in the trial court’s original summary judgment
order, which was entered before Amtech pursued an interlocutory appeal and more
than a year before the dispute was resolved and final judgment was entered.  Moreover, the $2,500 award was made prior to
this Court’s judgment on interlocutory appeal that CSFB was entitled to enforce
its indemnity agreement with Amtech, including indemnification for all
reasonable and necessary attorney’s fees incurred in defending against
Bridwell’s claim and in pursuing its rights against Amtech.  See Tex.
R. Civ. P. 166a(c) (providing that movant is only entitled to summary judgment
when it shows there is no genuine issue of material fact and that it is
entitled to judgment as matter of law); Owen
Elec. Supply, Inc. v. Brite Day Constr., Inc., 821 S.W.2d 283, 288 (Tex. App.—Houston
[1st Dist.] 1992, writ denied) (applying general summary judgment principles to
summary proceedings on issue of attorney’s fees).

We conclude that the trial court abused its discretion in summarily
rejecting CSFB’s claim for reasonable and necessary attorney’s fees for the
period of litigation following the summary judgment order, rather than
submitting the issue to a fact-finder once it was clear that there was a
question of fact.  Malone, 972 S.W.2d at 43; see
also Bocquet, 972 S.W.2d at 21(stating that whether fees are reasonable and
necessary is question of fact).

We sustain CSFB’s second issue.

Conclusion

We reverse the judgment of the trial court as to the amount of the
attorney’s fees awarded CSFB and remand the cause to the trial court for
proceedings to determine the amount of reasonable and necessary attorney’s
fees.

          

 

 

                                                                   Evelyn
V. Keyes

                                                                   Justice


 

Panel
consists of Justices Keyes, Sharp, and Massengale.

Justice
Massengale, concurring.











[1]               Both parties apply traditional legal and factually sufficiency-review
standards to the award of attorney’s fees. 
However, awards of attorney’s fees are reviewed for an abuse of
discretion, as this memorandum opinion sets out.  See,
e.g., Ragsdale v. Progressive Voters
League, 801 S.W.2d 880, 881 (Tex. 1990) (reviewing award of attorney’s fees
for abuse of discretion).