**Opinion issued May 12, 2015**



In The

# Court of Appeals

For The

# First District of Texas

————————————

## NO. 01-14-00488-CV

————————————

**COMMERCE AND INDUSTRY INSURANCE COMPANY, STARNET INSURANCE COMPANY, CATLIN INSURANCE COMPANY, INC., ALLIANZ GLOBAL CORPORATE & SPECIALTY S.E., UNITED STATES AIRCRAFT INSURANCE GROUP, AND QBE AVIATION SYNDICATE 5555 AT LLOYD'S, Appellants**

**V.**

**AMERICAN JET INTERNATIONAL CORPORATION D/B/A MILLION AIR CHARTER, REW INVESTMENTS, INC., HOUSTON AVIATION PARTNERS, LLC, WOOLSEY AVIATION, INC., MILLION AIR LACKLAND, LLC, GO FAYETTEVILLE, LLC, RENO AVIATION PARTNERS, LLC, GULFPORT AVIATION PARTNERS, LLC, TALLAHASSEE AVIATION PARTNERS, LLC, MILLION AIR INTERLINK, INC., ROGER WOOLSEY, AND CARL MOODY, Appellees**

**and**

**AMERICAN JET INTERNATIONAL CORPORATION D/B/A MILLION AIR CHARTER, REW INVESTMENTS, INC., HOUSTON AVIATION PARTNERS, LLC, WOOLSEY AVIATION, INC., MILLION AIR LACKLAND, LLC, GO FAYETTEVILLE, LLC, RENO AVIATION**

PARTNERS, LLC, GULFPORT AVIATION PARTNERS, LLC, TALLAHASSEE AVIATION PARTNERS, LLC, MILLION AIR INTERLINK, INC., AND ROGER WOOLSEY, **Appellants**

**V.**

COMMERCE AND INDUSTRY INSURANCE COMPANY, STARNET INSURANCE COMPANY, CATLIN INSURANCE COMPANY, INC., ALLIANZ GLOBAL CORPORATE & SPECIALTY S.E., UNITED STATES AIRCRAFT INSURANCE GROUP, AND QBE AVIATION SYNDICATE 5555 AT LLOYD'S, **Appellees**

**and**

AMERICAN JET INTERNATIONAL CORPORATION D/B/A MILLION AIR CHARTER, REW INVESTMENTS, INC., HOUSTON AVIATION PARTNERS, LLC, WOOLSEY AVIATION, INC., MILLION AIR LACKLAND, LLC, GO FAYETTEVILLE, LLC, RENO AVIATION PARTNERS, LLC, GULFPORT AVIATION PARTNERS, LLC, TALLAHASSEE AVIATION PARTNERS, LLC, MILLION AIR INTERLINK, INC., AND ROGER WOOLSEY, **Appellants**

**V.**

TORUS NATIONAL INSURANCE COMPANY AND WAUSAU BUSINESS INSURANCE COMPANY, **Appellees**

**and**

CARL MOODY, **Appellant**

**V.**

TORUS NATIONAL INSURANCE COMPANY, **Appellee**

---

**On Appeal from the 80th District Court**
**Harris County, Texas**
**Trial Court Case No. 2013-41195**

---

# MEMORANDUM OPINION

Appellants, Commerce and Industry Insurance Company, Starnet Insurance Company, Catlin Insurance Company, Inc., Allianz Global Corporate & Specialty S.E., United States Aircraft Insurance Group, and QBE Aviation Syndicate 5555 at Lloyd's (collectively "CIIC") have filed a petition for permissive interlocutory appeal in this Court. *See* TEX. CIV. PRAC. & REM. CODE ANN. § 51.014(f) (West 2015); TEX. R. APP. P. 28.3. Appellees, American Jet International Corporation d/b/a Million Air Charter, REW Investments, Inc., Houston Aviation Partners, LLC, Woolsey Aviation, Inc., Million Air Lackland, LLC, Go Fayetteville, LLC, Reno Aviation Partners, LLC, Gulfport Aviation Partners, LLC, Tallahassee Aviation Partners, LLC, Million Air Interlink, Inc., and Roger Woolsey (collectively "American Jet"), have filed a motion to dismiss the petition for want of jurisdiction. American Jet also has filed a cross-petition to CIIC's petition, "alternatively, and only in the event this Court decides to hear CIIC's appeal . . . ." Also, alternatively and in the event we deny their motion to dismiss CIIC's petition, American Jet has filed a separate petition for permissive interlocutory appeal to which Torus National Insurance Company and Wausau Business Insurance Company are appellees. Wausau has filed a motion to dismiss this petition for lack of jurisdiction. Finally, Carl Moody has filed a petition for

permissive interlocutory appeal as to Torus National Insurance, in which he adopts and incorporates American Jet's "conditional appeal."

To be entitled to a permissive appeal from an interlocutory order that would not otherwise be appealable, the requesting party must establish that (1) the order to be appealed involves a "controlling question of law as to which there is a substantial ground for difference of opinion" and (2) an immediate appeal from the order "may materially advance the ultimate termination of the litigation." TEX. CIV. PRAC. & REM. CODE ANN. § 51.014(d) (West 2015); *see* TEX. R. APP. P. 28.3(e)(4); TEX. R. CIV. P. 168. Here, CIIC has not established that the order to be appealed involves a controlling question of law as to which there is a substantial ground for difference of opinion. Unless the section 51.014(d) requirements are met, we are without jurisdiction over the permissive appeal. *See Great Am. E&S Ins. Co. v. Lapolla Indus.*, No. 01-14-00372-CV, 2014 WL 2895770, at *2 n.1 (Tex. App.—Houston [1st Dist.] June 24, 2014, no pet.) (mem. op.) (citing *Double Diamond Del., Inc. v. Walkinshaw*, No. 05–13–00893–CV, 2013 WL 5538814, at *2 (Tex. App.—Dallas Oct. 7, 2013, no pet.) (mem. op.); *State Fair of Tex. v. Iron Mountain Info. Mgmt., Inc.*, 299 S.W.3d 261, 262 (Tex. App.—Dallas 2009, no pet.)).

Accordingly, we grant American Jet's motion to dismiss and dismiss CIIC's petition for want of jurisdiction. Because we dismiss that petition, we dismiss

American Jet's cross-petition and petition for permissive interlocutory appeal, and Moody's petition for permissive interlocutory appeal. We dismiss all pending motions as moot.

**PER CURIAM**

Panel consists of Chief Justice Radack and Justices Keyes and Lloyd.