

# In The
# Court of Appeals
# Seventh District of Texas at Amarillo

No. 07-16-00319-CV

GWENDOLYN BUSH O'BRIEN MARSH, AS EXECUTOR OF THE ESTATE OF
STANLEY MARSH 3, DECEASED, APPELLANT

V.

STANTON COLDIRON, APPELLEE

On Appeal from the 181st District Court
Potter County, Texas
Trial Court No. 105,475-B, Honorable John B. Board, Presiding

August 29, 2016

## MEMORANDUM OPINION

Before CAMPBELL and HANCOCK and PIRTLE, JJ.

Gwendolyn Bush O'Brien Marsh, as executor of the estate of Stanley Marsh 3, has filed with this Court her petition for permissive appeal. In her petition, she asks this Court to review the basis of the trial court's interlocutory order denying her motion for summary judgment filed as defendant below. We will deny her petition.

Discussion

Generally, appellate courts have jurisdiction only over appeals from final judgments. *See Lehmann v. Har-Con Corp.*, 39 S.W.3d 191, 195 (Tex. 2001). That being so, a party may not appeal an interlocutory order unless specifically authorized by statute. *See Bally Total Fitness Corp. v. Jackson*, 53 S.W.3d 352, 352 (Tex. 2001) (citing *Cherokee Water Co. v. Ross*, 698 S.W.2d 363, 365 (Tex. 1985) (per curiam)). Because interlocutory appeals are allowed only in limited circumstances, we strictly construe statutory provisions permitting interlocutory appeals. *See id.* at 355; *State Fair of Tex. v. Iron Mountain Info. Mgmt., Inc.*, 299 S.W.3d 261, 262–63 (Tex. App.—Dallas 2009, no pet.).

Here, Marsh relies on the Texas Civil Practice and Remedies Code as the basis for her petition for permissive appeal of the trial court's interlocutory order. *See* Tex. Civ. Prac. & Rem. Code Ann. § 51.014(d), (f) (West Supp. 2016). An appellate court may accept an interlocutory appeal permitted by Subsection (d) of Section 51.014. *See id.* § 51.014(f); Tex. R. App. P. 28.3(k). Subsection (d) allows a trial court to permit an appeal from an order that is not otherwise appealable if (1) the order to be appealed involves a controlling question of law as to which there is a substantial ground for difference of opinion, and (2) an immediate appeal from the order may materially advance the ultimate termination of the litigation. *See* Tex. Civ. Prac. & Rem. Code Ann. § 51.014(d); *Undavia v. Avant Med. Grp., P.A.*, 468 S.W.3d 629, 632 (Tex. App.—Houston [14th Dist.] 2015, no pet.). Appellate courts have discretion to accept or refuse to hear a permissive appeal. *See Ho v. Johnson*, No. 09-15-0077-CV, 2016 Tex. App. LEXIS 1668, at *2 (Tex. App.—Beaumont Feb. 18, 2016, pet. denied) (mem. op.); *see*

*also* Tex. Civ. Prac. & Rem. Code Ann. § 51.014(f) (providing that "[a]n appellate court *may* accept an appeal permitted by Subsection (d)") (emphasis added).

## Conclusion

We have carefully considered the petition and the supporting documents submitted by Marsh. After having done so, we deny Marsh's petition for permissive appeal.[1]

Per Curiam

Pirtle, J., would grant petition.

---

[1] The Court hereby suspends the operation of the ten-day waiting period for disposition of this petition provided in Rule 28.3. *See* Tex. R. App. P. 28.3(j) (providing that, "[u]nless the court of appeals orders otherwise, a petition . . . will be determined . . . no earlier than 10 days after the petition is filed"); *see also* Tex. R. App. P. 2 (permitting appellate court to suspend operation of certain procedural rules "to expedite a decision or for other good cause").