

# In the
# Court of Appeals
# Second Appellate District of Texas
# at Fort Worth

_____

No. 02-19-00168-CV

_____

M.B., INDIVIDUALLY AND AS NEXT FRIEND OF I.C., Appellant

V.

S.C. AND SPIRIT OF ST. LOUIS OUTLETS, GP, LLC, Appellees

On Appeal from the 67th District Court
Tarrant County, Texas
Trial Court No. 067-285252-16

Before Gabriel, J.; Sudderth, C.J.; and Birdwell, J.
Per Curiam Memorandum Opinion

## MEMORANDUM OPINION

Appellant M.B., individually and as next friend of I.C., (Mother) filed a petition for permissive appeal seeking interlocutory review of the trial court's order granting appellee S.C.'s (Father) plea to the jurisdiction. *See* Tex. Civ. Prac. & Rem. Code Ann. § 51.014(d), (f); Tex. R. App. P. 28.3(e)(4). Because we conclude that the order does not involve a controlling question of law, we deny the petition.

## I. BACKGROUND

Mother and Father were divorced in 2013. The court that rendered the decree of divorce was the 324th District Court (Family Court). Mother alleges that before the divorce was finalized, the community estate acquired interests in four real estate development partnerships: Woodmont Duncanville, LP; Woodmont Southlake, LP; an entity in Bismark, North Dakota; and a Walgreens development in East Dallas. Mother asserts that the Family Court rendered its final decree of divorce without dividing these community property interests. She also alleges that while the community estate had an interest in Woodmont Duncanville, it made more than $1 million in distributions to its partners but that she had not received any distribution.

Mother filed suit against Father in the 67th District Court (District Court). She brought several claims, three of which are relevant here. One, she alleged a claim for money had and received, asserting that Father had received and retained distributions from Woodmont Duncanville, that those distributions were community property, and

that she therefore was entitled to at least half of the distributions Father had received. Two, she sought a declaration that she owned at least a 50% interest in the four real-estate development partnerships. And three, she brought a claim for partition under chapter 23 of the property code, asking the trial court to partition the community interests in the partnerships and award her the shares to which she was entitled.

In response, Father filed a plea to the jurisdiction alleging that the District Court lacked jurisdiction over Mother's partition claim because by it she sought a division of allegedly undivided community property, and under section 9.203 of the family code, exclusive jurisdiction over that claim was vested in the Family Court, which rendered the divorce decree. Father also requested dismissal of "the additional claims for damages of [Mother] relative to the [allegedly undivided community property], on the basis of a lack of ripeness and on the basis that such claims are intertwined with and contingent on" the Family Court's resolution of Mother's partition claim. The District Court granted the plea and dismissed Mother's partition, declaratory-judgment, and money-had-and-received claims without prejudice. In its order, the District Court stated that in granting the plea, it had found the following to be a controlling question of law as to which there was a substantial ground for difference of opinion:

> Does the Court which rendered a decree of divorce have exclusive jurisdiction under Texas Family Code Secs. 9.201–.203 to make a post-divorce division of community property when the Court which issued the decree had jurisdiction of the parties and the alleged property at the time of the decree? Or, does a district court hold jurisdiction over a

cause of action brought under Texas Property Code § 23.001 *et seq.* to divide community property that was not divided in the divorce?

Mother now seeks review of the District Court's interlocutory order granting Father's plea to the jurisdiction by permissive appeal. *See* Tex. Civ. Prac. & Rem. Code Ann. § 51.014(d), (f); Tex. R. App. P. 28.3(a).

## II. APPLICABLE LAW

We generally have jurisdiction over final judgments only. *See Sabre Travel Int'l, Ltd. v. Deutsche Lufthansa AG*, 567 S.W.3d 725, 730 (Tex. 2019). A narrow exception to this general rule is that a party may appeal an interlocutory order when authorized to do so by statute. *Eagle Gun Range, Inc. v. Bancalari*, 495 S.W.3d 887, 889 (Tex. App.—Fort Worth 2016, no pet.). Sections 51.014(d) and (f) of the Texas Civil Practice and Remedies Code provide such an exception. Under those provisions, we may allow a party to appeal an interlocutory order that otherwise would not be immediately appealable where the party demonstrates that (1) the trial court's order involves a controlling question of law as to which there is a substantial ground for difference of opinion and (2) an immediate appeal from the order may materially advance the ultimate termination of the litigation. Tex. Civ. Prac. & Rem. Code § 51.014(d), (f); *see also* Tex. R. App. P. 28.3(a), (e)(4).

Texas courts have generally regarded a controlling question of law to be "one that deeply affects the ongoing process of litigation." *Workers' Comp. Sols. v. Tex. Health, L.L.C.*, No. 05-15-01504-CV, 2016 WL 945571, at *1 (Tex. App.—Dallas Mar.

4

14, 2016, no pet.) (mem. op.); *accord Austin Commercial, L.P. v. Tex. Tech Univ.*, No. 07-15-00296-CV, 2015 WL 4776521, at *1 (Tex. App.—Amarillo Aug. 11, 2015, no pet.) (order); *Undavia v. Avant Med. Grp.*, 468 S.W.3d 629, 632 (Tex. App.—Houston [14th Dist.] 2015, no pet.). Generally, if the viability of a claim rests upon the court's determination of a question of law and the resolution of the question will considerably shorten the time, effort, and expense of fully litigating the case, the question is controlling. *See Workers' Comp. Sols.*, 2016 WL 945571, at *1; *Austin Commercial*, 2015 WL 4776521, at *1; *Undavia*, 468 S.W.3d at 632.

## III. DISCUSSION

We begin by observing that Mother's entire explanation for how the questions the District Court certified are controlling questions of law is that "[b]ecause the questions the trial court certified are jurisdictional" they "represent controlling questions of law." We certainly agree that whether a court has subject-matter jurisdiction is a question of law. *See Tex. Dep't of Parks & Wildlife v. Miranda*, 133 S.W.3d 217, 226 (Tex. 2004). But Mother does not explain how the questions the trial court certified are controlling here. *See* Tex. Civ. Prac. & Rem. Code § 51.014(d), (f). That is, she does not explain how the viability of any of her claims that are affected by the District Court's order rests on its determination that the Family Court has exclusive jurisdiction over them. *See Workers' Comp. Sols.*, 2016 WL 945571, at *1; *Austin Commercial*, 2015 WL 4776521, at *1; *Undavia*, 468 S.W.3d at 632. And given the facts here, we cannot see how it would. The District Court's ruling only

5

determines where Mother's claims for partition, declaratory judgment, or money had and received are tried; it has no impact on their viability.

The District Court's resolution of the certified questions merely means that Mother must maintain the affected claims in the Family Court instead of the District Court. And Mother does not argue that the Family Court lacks jurisdiction over those claims. Accordingly, because Mother has not shown that the viability of any of the claims the District Court dismissed rests on its determination of the legal questions it certified for permissive review, those questions are not controlling questions of law. *See Workers' Comp. Sols.*, 2016 WL 945571, at \*1; *Austin Commercial*, 2015 WL 4776521, at \*1; *Undavia*, 468 S.W.3d at 632. Given the limited nature of interlocutory appeals and the requirement that we strictly construe statutes authorizing such appeals, we conclude that Mother's attempted permissive appeal does not satisfy the requirements of section 51.014(d) or rule 28.3(e)(4). *See State Fair of Tex. v. Iron Mountain Info. Mgmt., Inc.* 299 S.W.3d 261, 264 (Tex. App—Dallas 2009, no pet).[1]

Because the District Court's order granting Father's plea to the jurisdiction does not involve a controlling question of law, we cannot review that order under our permissive-appeal jurisdiction.[2] *See* Tex. Civ. Prac. & Rem. Code § 51.014(d), (f); *see*

---

[1]Although it appears that the parties may have initially agreed to this permissive appeal, we may not disregard the permissive-appeal requirements to enlarge our jurisdiction. *See State Fair of Tex.*, 299 S.W.3d at 264.

[2]Mother has not requested that we treat her petition for permissive appeal as presenting an alternative request for mandamus relief. We decline to do so sua

*also* Tex. R. App. P. 28.3(e)(4).  Accordingly, we deny Mother's petition for permissive appeal.

Per Curiam

Delivered:  June 27, 2019

---

sponte, and we express no opinion as to whether such relief would be appropriate had it been requested.