**Dismiss and Opinion Filed November 10, 2021**



In The
# Court of Appeals
# Fifth District of Texas at Dallas

### No. 05-21-00415-CV

### JOSEPH DINGLER, Appellant

### V.

### STUDIO 6, Appellee

**On Appeal from the County Court at Law No. 1**
**Dallas County, Texas**
**Trial Court Cause No. CC-20-05083-A**

## MEMORANDUM OPINION

Before Justices Molberg, Nowell, and Goldstein
Opinion by Justice Molberg

We questioned our jurisdiction over this appeal from the trial court's order of nonsuit as it did not appear to be final and appealable. *See Lehmann v. Har-Con Corp.*, 39 S.W.3d 191, 195 (Tex. 2001) (subject to mostly statutory exceptions, appeal may only be taken from final judgment that disposes of all parties and claims). The order dismissed without prejudice appellee's claims against appellant but was silent as to appellant's claim against appellee and did not otherwise indicate it disposed of the entire case. *See id.* at 205 (order rendered without traditional trial

on merits is final for appeal purposes if it "actually disposes of every pending claim and party" or "clearly and unequivocally states it finally disposes of all claims and all parties"); *see also Crites v. Collins*, 284 S.W.3d 839, 841 (Tex. 2009) (per curiam) (order of nonsuit disposing only of plaintiffs' claims against defendant but silent as to defendant's motion for sanctions not final where it did not unequivocally express intent to be final and appealable).

At our request, appellant filed a letter brief addressing our concern.[1] Appellant appears to argue we have jurisdiction because (1) Texas Rule of Appellate Procedure 25.1(b) provides that the filing of a notice of appeal by any party invokes the appellate court's jurisdiction over all parties to the trial court's judgment or appealed order; (2) the appealed order is an interlocutory order authorized by statute to be appealed; and, (3) the trial court closed the case.[2] Having jurisdiction over the parties, however, is not the same as having subject matter jurisdiction over an appeal, that is, having the power to hear a case. *See CSR Ltd. v. Link*, 925 S.W.2d 591, 594 (Tex. 1996). And, that the trial court may have closed the case does not make a non-appealable judgment appealable; appealability of an order rendered without a conventional trial on the merits, such as the one here, is determined by the language of the order or judgment itself. *See Crites*, 284 S.W.3d at 840. While a statute may

---

[1] Appellant addressed other matters in the letter brief. We express no opinion concerning those matters, however, as our focus is on the threshold issue of jurisdiction.

[2] Appellee was given an opportunity to respond but, to date, has not responded.

authorize an appeal from an interlocutory order that does not dispose of all claims and parties, no statute authorizes an appeal from an interlocutory order of nonsuit. *See* TEX. CIV. PRAC. & REM. CODE ANN. § 51.014 (providing express authority to appeal certain interlocutory orders); *State Fair of Tex. v. Iron Mountain Info. Mgmt., Inc.*, 299 S.W.3d 261, 263 n.2 (Tex. App.—Dallas 2009, no pet.) (noting other authorities for interlocutory appeals).

On the record before us, we dismiss the appeal. *See* TEX. R. APP. P. 42.3(a).

210415f.p05

/Ken Molberg//
KEN MOLBERG
JUSTICE



# Court of Appeals
# Fifth District of Texas at Dallas
## JUDGMENT

JOSEPH DINGLER, Appellant

No. 05-21-00415-CV    V.

STUDIO 6, Appellee

On Appeal from the County Court at Law No. 1, Dallas County, Texas Trial Court Cause No. CC-20-05083-A.

Opinion delivered by Justice Molberg, Justices Nowell and Goldstein participating.

In accordance with this Court's opinion of this date, we **DISMISS** the appeal.

Judgment entered this 10th day of November 2021.