**DISMISS and Opinion Filed January 27, 2023**



**In The**
**Court of Appeals**
**Fifth District of Texas at Dallas**

_____

**No. 05-22-00591-CV**
_____

**DOUBLE DIAMOND, INC., DOUBLE DIAMOND-DELAWARE, INC., WHITE BLUFF CLUB CORP., NATIONAL RESORT MANAGEMENT GROUP, AND WHITE BLUFF PROPERTY OWNERS ASSOCIATION,** Appellants
**V.**
**JOHN AND CATHY WALKINSHAW, ET AL., Appellees**

**On Appeal from the 191st Judicial District Court**
**Dallas County, Texas**
**Trial Court Cause No. DC-11-10333-J**

**MEMORANDUM OPINION**

Before Justices Molberg, Pedersen, III, and Goldstein
Opinion by Justice Goldstein

This agreed interlocutory appeal was filed pursuant to former Texas Civil

Practice and Remedies Code section 51.014(d)[1] and Texas Rule of Appellate

---

[1] The underlying suit was filed prior to September 1, 2011, making it subject to former section 51.014(d). *See* Act of May 27, 2005, 79th Leg. R.S., ch. 1051, § 1, 2005 Tex. Gen. Laws 3512, 3513 (applying to lawsuits filed on or after September 1, 2005), *amended by* Act of May 25, 2011, 82d Leg., ch. 203, § 3.01, 2011 Tex. Gen. Laws 758, 759 (applying to lawsuits filed on or after September 1, 2011) (current version at TEX. CIV. PRAC. & REM. CODE ANN. § 51.014(d)). "Out of an abundance of caution," the parties also filed a joint petition for permissive appeal under the current version of section 51.014(d). On the parties' motion, we consolidated the permissive appeal into this appeal.

Procedure 28.2 by all parties to the underlying proceeding–the over 1100 plaintiffs, who are former or current property owners in the White Bluff Resort ("Property"), and the defendants, the White Bluff Property Owners Association ("WBPOA"), Double Diamond-Delaware, Inc., Double Diamond, Inc., White Bluff Corp., and National Resort Management Group.  By this appeal, the parties seek review of the trial court's amended partial summary judgment order that determined, in part, that mandatory fees the WBPOA, a non-profit corporation, collected from the plaintiffs and used for resort property the WBPOA did not own were not authorized by the Property's governing documents,[2] section 202.004 of the Texas Property Code,[3] and sections 528 and 23.18 of the Internal Revenue Code and Texas Tax Code, respectively.[4]  Because an agreed interlocutory appeal is not permitted unless the order sought to be appealed involves a controlling question of law as to which a

---

[2] The governing documents consist of the WBPOA's Declaration, Bylaws, Articles of Incorporation, and Covenants and Restrictions, all of which have been amended "from time to time."

[3] Section 202.004 of the Texas Property Code concerns the enforcement of restrictive covenants and provides, in relevant part,  that "[a]n exercise of discretionary authority by a property owners' association . . . concerning a restrictive covenant is presumed reasonable unless the court determines by a preponderance of the evidence that the exercise of discretionary authority was arbitrary, capricious, or discriminatory."  *See* TEX. PROP CODE ANN. § 202.004(a).

[4] Section 528 concerns the taxation of "certain homeowners associations", *see* 26 U.S.C. § 528, while section 23.18 concerns the appraisal of property, such as swimming pools, parking lots, and meeting halls, owned by a "nonprofit homeowners' organization" for the benefit and enjoyment of its members, *see* TEX. TAX CODE ANN. § 23.18.  The definitions of "homeowners association" for purposes of section 528 and "nonprofit homeowners' organization" for purposes of section 23.18 are similar.  Both require, in relevant part, that "90 percent or more of the [organization's] expenditures" be made for the acquisition, construction, management, maintenance, and care of the organization's property and that the net earnings of such organization not inure to the benefit of any individual other than by acquiring, constructing, or providing management, maintenance, and care of association property or by a rebate of excess membership dues, fees, or assessments.  *See* 26 U.S.C. § 528(c)(1)(C),(D); TEX. TAX CODE § 23.18(d)(4),(6).

substantial ground for difference of opinion exists, and the controlling questions of law identified in the summary judgment order here are not questions as to which a substantial ground for difference of opinion exists, we dismiss the appeal for want of jurisdiction.  *See* Act of May 27, 2005, 79th Leg. R.S., ch. 1051, § 1, 2005 Tex. Gen. Laws 3512, 3513; TEX. R. APP. P. 28.2; *State Fair of Tex. v. Iron Mountain Info. Mgmt., Inc.*, 299 S.W.3d 261, 264 (Tex. App.—Dallas 2009, no pet.).


/Bonnie Lee Goldstein/
BONNIE LEE GOLDSTEIN
JUSTICE

220591F.P05



# Court of Appeals
# Fifth District of Texas at Dallas

## JUDGMENT

DOUBLE DIAMOND, INC., DOUBLE DIAMOND-DELAWARE, INC., WHITE BLUFF CLUB CORP., NATIONAL RESORT MANAGEMENT GROUP, AND WHITE BLUFF PROPERTY OWNERS ASSOCIATION, Appellants

No. 05-22-00591-CV        V.

JOHN AND CATHY WALKINSHAW, ET AL., Appellees

On Appeal from the 191st Judicial District Court, Dallas County, Texas
Trial Court Cause No. DC-11-10333-J.
Opinion delivered by Justice Goldstein, Justices Molberg and Pedersen, III participating.

In accordance with this Court's opinion of this date, we **DISMISS** the appeal.

Judgment entered January 27, 2023.