DISMISS; Opinion Filed November 20, 2012.



In The

# Court of Appeals
# Fifth District of Texas at Dallas

No. 05-12-00417-CV

## THE BANK OF NEW YORK MELLON, Appellant

## V.

## CARMEN GUZMAN AND JOSE GUZMAN, Appellees

**On Appeal from the 116th Judicial District Court
Dallas County, Texas
Trial Court Cause No. DC-10-05458**

# OPINION

Before Justices Moseley, Fillmore, and Myers
Opinion By Justice Fillmore

Pursuant to former section 51.014(d) of the civil practice and remedies code, the Bank of New York Mellon (the Bank) brings this agreed interlocutory appeal of the trial court's order denying the Bank's motion for summary judgment. We dismiss the appeal for want of jurisdiction.

**Background**

In April 2003, Carmen Guzman obtained a mortgage from America's Wholesale Lender (AWL) on property in Irving, Texas. In connection with the mortgage, Carmen Guzman signed a promissory note payable to AWL. Both Carmen and Jose Guzman signed a deed of trust to secure the note. The deed of trust identified AWL or any holder of the note who was entitled to receive payments under the note as the lender. The deed of trust also stated the Mortgage Electronic

Registration Systems, Inc. (MERS) was a beneficiary of the deed of trust as a nominee for the lender and its successors and assigns. In the deed of trust, the Guzmans agreed:

> MERS holds only legal title to the interests granted by Borrower in this Security Instrument, but, if necessary to comply with law or custom, MERS (as nominee for Lender and Lender's successors and assigns) has the right: to exercise any or all of those interests, including, but not limited to, the right to foreclose and sell the Property; and to take any action required of Lender, including, but not limited to, releasing and canceling this Security Instrument.

In May 2009, the Bank foreclosed on the property due to the Guzmans' failure to make the required mortgage payments. The Guzmans sued the Bank for wrongful foreclosure and breach of contract and sought declaratory relief. The Guzmans asserted they did not receive notice of the foreclosure, were not informed they were in default or that the note had been accelerated, and were not given an opportunity to cure any default. The Guzmans also alleged that MERS, the original mortgagee listed in the notice of substitute trustee's sale, was not the original mortgagee because it did not loan principal to the Guzmans, did not have the right to receive any payments from the Guzmans, and was not entitled to receive the proceeds of any foreclosure sale. The Guzmans claimed the Bank lacked standing to foreclose on the property because it had not received an assignment of the mortgage from the original mortgagee and MERS did not have the power to assign the note to the Bank. Finally, the Guzmans asserted the Bank had not produced the original note or an assignment of the note that would make the Bank a holder of the note under the business and commerce code and, therefore, was not a person entitled to enforce the instrument.

The Bank moved for summary judgment on the Guzmans' wrongful foreclosure claim on grounds that (1) all notices required under the property code were provided to the Guzmans, and (2) the Guzmans' possession of the property had been continuous and uninterrupted and, therefore, they

had not been damaged. The Bank argued it had standing to foreclose on the property because the deed of trust signed by the Guzmans authorized MERS, as nominee for the original mortgagee and its successors and assigns, to act as a beneficiary under the deed of trust and to foreclose and sell the property. The Bank asserted the right to foreclose on a lien created by a deed of trust is separate from a suit to collect a debt. The Bank also argued the Guzmans did not have standing to challenge the assignment of the note and the deed of trust. The Bank moved for summary judgment on the Guzmans' breach of contract claim on the ground the Guzmans were in default of their contractual obligation to repay the indebtedness and, therefore, could not assert a claim for breach of contract. Finally, the Bank moved for summary judgment on the Guzmans' request for a declaratory judgment on the ground that, without a viable claim for breach of contract or wrongful foreclosure, the Guzmans were not entitled to declaratory relief.

The Guzmans filed a competing motion for summary judgment on their claim for wrongful foreclosure and request for declaratory relief on grounds (1) the Bank failed to provide notice of the foreclosure as required by section 51.002 of the property code, (2) the Bank failed to provide notice of default and notice of an opportunity to cure as required by the deed of trust, (3) the Bank failed to provide notice the note was being accelerated, and (4) neither the Bank nor MERS had standing to foreclose because they were not persons entitled to enforce the promissory note under section 3.301 of the business and commerce code, were not nonholders with rights of a holder, and could not prove the note had been lost, stolen, or destroyed.

The trial court denied the competing motions for summary judgment on the basis that the Bank and the Guzmans "failed to satisfy [their] burden." The parties filed a "joint motion to appeal

from interlocutory order" contending the "issues raised in [the] dispositive motions involve controlling questions of law as to which there is a substantial ground for difference of opinion, and obtaining a ruling on those issues of law from the appeals court will materially advance the outcome of this case." The trial court granted the motion, and the Bank brought this appeal.

After the appeal was submitted, the Court sent a letter to the parties questioning whether it had jurisdiction over this appeal. The Court specifically requested that, in light of this Court's opinions in *Colonial County Mutual Insurance Co. v. Amaya*, 372 S.W.3d 308 (Tex. App.—Dallas 2012, no pet.) and *State Fair of Texas v. Iron Mountain Information Management, Inc.*, 299 S.W.3d 261 (Tex. App.—Dallas 2009, no pet.), the parties address whether an appeal from the trial court's order would materially advance the ultimate termination of the litigation and whether, due to the trial court's failure to rule on the purported controlling issues of law, any opinion issued by this Court would be advisory. The Bank responded, arguing the controlling issues of law presented to the trial court were the same as those presented on appeal, the facts are not in dispute, and the trial court ruled on the parties' motions. The Bank contends this Court has "the inherent power, responsibility, and opportunity . . . to make decisions, when possible and necessary, [and] to give guidance to the trial court when necessary."

## Jurisdiction

We are required to review *sua sponte* issues affecting jurisdiction. *M.O. Dental Lab. v. Rape*, 139 S.W.3d 671, 673 (Tex. 2004) (per curiam). Unless a statute specifically authorizes an interlocutory appeal, appellate courts have jurisdiction over final judgments only. *Lehmann v. Har-Con Corp.*, 39 S.W.3d 191, 195 (Tex. 2001). Pursuant to former section 51.014(d) of the civil

—4—

practice and remedies code, a district court may order an interlocutory appeal from an otherwise unappealable order in a civil action if the parties agree that the order involves a controlling question of law as to which there is a substantial ground for difference of opinion, an immediate appeal from the order may materially advance the ultimate termination of the litigation, and the parties agree to the order. Act of May 27, 2005, 79th Leg., R.S., ch. 1051, § 1, 2005 Tex. Gen. Laws 3512, 3513 (applying to lawsuits filed on or after September 1, 2005), *amended by* Act of May 25, 2011, 82d Leg., ch. 203, § 3.01, 2011 Tex. Gen. Laws 758, 759 (current version at TEX. CIV. PRAC. & REM. CODE ANN. § 51.014(d (West Supp. 2012)).

The Bank asserts there is no disagreement between the parties as to the underlying facts, and the "controlling legal issues" are whether (1) service of notice pursuant to the property code is effective when sent or when received, (2) MERS has standing as the trustee to foreclose and to assign its right to foreclose, (3) a loan servicer must be a holder-in-due-course of the note or security in order to foreclose, (4) transfer of the deed of trust without transfer of the note acts to invalidate both documents for the purpose of enforcement, and (5) the Guzmans are barred from maintaining an action for wrongful foreclosure when they continue to reside on the property and, therefore, have no damages. We agree with the Bank that the issues raised on appeal were presented to the trial court by both parties in competing motions for summary judgment. However, the trial court denied both parties' motions for summary judgment because they "failed to meet their burden." Even if we agree with the Bank that there are no issues of material fact that could serve as the basis for the trial court's denial of both motions for summary judgment, there is simply nothing in the record showing the trial court made a substantive ruling on any of the legal issues we are being asked to decide.

In a similar case, the San Antonio Court of Appeals refused to decide, in an agreed interlocutory appeal, an issue that the parties presented as a controlling legal question because the trial court had expressly declined to rule on the legal issue and, instead, submitted the issue to the intermediate court of appeals for a decision. *Gully v. State Farm Lloyds*, 350 S.W.3d 204, 207–08 (Tex. App.—San Antonio 2011, no pet.). Our sister court reversed the trial court's judgment, concluding the trial court erred by declining to rule on the controlling legal question. It remanded the case to the trial court so that it could "make a substantive decision on the 'matter of law' question presented. . . ." *Id.* 208. In doing so, the court stated:

> section 51.014(d) does not contemplate use of an immediate appeal as a mechanism to present, in effect, a "certified question" to this Court similar to the procedure used by federal appellate courts in certifying a determinative question of state law to the Texas Supreme Court. . . . We have found no reported case in which 51.014(d) was used in this manner to present an intermediate court of appeals with a "controlling legal question" prior to the trial court making a substantive ruling on the legal issue.

*Id.* at 207 (internal citations omitted).[1]

In this case, the trial court did not substantively rule on the controlling legal issues presented in the agreed interlocutory appeal and, instead, submitted the issues to this Court for a decision. In *Amaya*, we stated that we did not believe the Texas Legislature intended the parties to use section 51.014(d) of the civil practice and remedies code to obtain an appellate ruling on an issue of law on which the trial court refused to rule. *Amaya*, 372 S.W.3d at 310–11; *see also State Fair of Tex.*, 299 S.W.3d at 264 ("Absent legislative mandate, we may not disregard the statutory requirements to

---

[1] The San Antonio Court of Appeals concluded in *Gully* that the statutory requirements for an agreed interlocutory appeal technically were met and it had jurisdiction over the appeal. *See* Act of May 27, 2005, 79th Leg., R.S., ch. 1051, § 1, 2005 Tex. Gen. Laws 3512, 3513 (amended 2011); *Gully*, 350 S.W.3d at 208 n.2. However, in *Gully* the only issue presented in the cross-motions for summary judgment was the issue presented to the court of appeals. In this case, the Bank admits more than one issue was presented below. Any of these issues or the existence of a material issue of fact could have formed the basis of the trial court's ruling that neither party had met its burden. *See Amaya*, 372 S.W.3d at 311 n.1.

enlarge appellate jurisdiction to any agreed interlocutory appeal.").[2] Consequently, we conclude that any opinion issued by this Court in this interlocutory appeal would necessarily be advisory because there is nothing in the record showing that the trial court ruled on the specific legal issues that are presented for us to decide. *See Amaya*, 372 S.W.3d at 311; *Gully*, 350 S.W.3d at 208 ("Section 51.014(d) is not intended to relieve the trial court of its role in deciding substantive issues of law properly presented to it."). We dismiss the appeal for want of jurisdiction. *See Amaya*, 372 S.W.3d at 311.

ROBERT M. FILLMORE
JUSTICE

120417F.P05

---

[2] The Bank asserts *Amaya* and *State Fair of Texas* are distinguishable because, in those cases, this Court "was left guessing what the issues on appeal were" while, in this case, the issues before the trial court are the issues raised on appeal. In *State Fair of Texas*, the trial court granted a motion for summary judgment without specifying the basis or bases of its ruling. *State Fair of Tex.*, 299 S.W.3d at 264. We concluded we did not have jurisdiction over the agreed interlocutory appeal because the parties' briefs raised different issues and failed to identify a controlling question of law as to which there is a substantial ground for difference of opinion. *Id.* In *Amaya*, the trial court denied a motion for summary judgment without stating the basis for the denial. We noted there were multiple bases on which the trial court could have denied the motion, including that there was an issue of material fact. However, there was nothing in the record "showing the trial court made a substantive ruling on the legal issue we are being asked to decide." *Amaya*, 372 SW.3d at 310. We conclude both *Amaya* and *State Fair of Texas* support the proposition that the trial court must make a substantive ruling on the controlling question of law that is the subject of the agreed interlocutory appeal before this Court has jurisdiction over the appeal.



# Court of Appeals
# Fifth District of Texas at Dallas

## JUDGMENT

THE BANK OF NEW YORK MELLON,
Appellant

No. 05-12-00417-CV       V.

CARMEN GUZMAN AND JOSE
GUZMAN, Appellees

Appeal from the 116th Judicial District
Court of Dallas County, Texas. (Tr.Ct.No.
DC-10-05458).
Opinion delivered by Justice Fillmore,
Justices Moseley and Myers participating.

In accordance with this Court's opinion of this date, this appeal is **DISMISSED**. It is **ORDERED** that appellees Carmen Guzman and Jose Guzman recover their costs of this appeal from appellant The Bank of New York Mellon.


Judgment entered November 20, 2012.

_____
ROBERT M. FILLMORE
JUSTICE