

# In The
# Court of Appeals
# Seventh District of Texas at Amarillo

No. 07-14-00027-CV

RYCHELLE L. MCCROSKEY, MICHAEL FELIX
AND BRANDON FRASER, APPELLANTS

V.

HAPPY STATE BANK, IN ITS CORPORATE CAPACITY AND AS TRUSTEE FOR THE
BERTHA MCLAIN IRREVOCABLE TRUST "A", HESTER, MCGLASSON & COX, A
GENERAL PARTNERSHIP, CHARLES HESTER, DARRELL CAREY, JASON S. CHISUM
AND ROBERT TANNER BURNES, APPELLEES

On Appeal from the 108th District Court
Potter County, Texas
Trial Court No. 100,778-E, Honorable Douglas Woodburn, Presiding

February 28, 2014

MEMORANDUM OPINION

Before QUINN, C.J., and HANCOCK and PIRTLE, JJ.

Appellants, Rychelle L. McCroskey, Michael Felix, and Brandon Fraser, have filed in this Court what purports to be an agreed interlocutory appeal, substantially conforming to the technical requirements of such an appeal and citing jurisdictional authority for such an appeal. *See* Tex. R. App. P. 28.2; Tex. Civ. Prac. & Rem. Code Ann. § 51.014(d) (West Supp. 2013). We will treat the notice as the parties' petition

seeking this Court's permission to appeal the trial court's interlocutory order. *See* Tᴇx. R. Aᴘᴘ. P. 28.3.[1]  We will refuse the petition and dismiss the appeal for want of jurisdiction.

The Trial Court's Order

In the interlocutory order from which the parties have attempted to appeal, the trial court expressly denied the parties' competing motions for summary judgment and/or partial summary judgment filed in the course of litigation.  The trial court goes on to grant permission to the parties to appeal the interlocutory order and recites the findings "that the issues presented involve controlling questions of law as to which there are substantial grounds for differences of opinion and an immediate appeal from this Court will materially advance the ultimate termination of the litigation."  *See* Tᴇx. Cɪᴠ. Pʀᴀᴄ. & Rᴇᴍ. Cᴏᴅᴇ Aɴɴ. § 51.014(d)(1)–(2); Tᴇx. R. Aᴘᴘ. P. 28.3(e)(4).  The trial court further identifies what it deems the controlling questions of law.[2]  Nowhere, however, in the trial court's order or in the appellate record, do we find where the trial court expressly ruled on the substance of those controlling questions of law.

Agreed Interlocutory Appeals under Section 51.014(d)

Section 51.014 provides as follows:

---

[1] We note that Rule 28.3(e) outlines the requirements for the petition with which the parties' notice of appeal substantially complies.  Rule 28.3 is applicable to cases filed in the trial court after September 1, 2011.  *See* Tᴇx. R. Aᴘᴘ. P. 28.3 cmt.  Rule 28.2 applies to cases filed in the trial court before September 1, 2011.  *See id.*  From the clerk's record, it appears this case was filed in the trial court in August 2012.

[2] From what appears to be rather complex, multi-party litigation, the trial court identified eight multi-faceted "controlling questions of law," which involve substantive issues concerning contingent fees, doctrines of merger and estoppel, subject-matter jurisdiction of the trial court, standing, relationship of the case below to a case filed in federal court, enforcement of contingent fee agreements and settlement agreements, statute of frauds, and interpretation of a spendthrift clause in a revocable trust.

> On a party's motion or on its own initiative, a trial court in a civil action may, by written order, permit an appeal from an order that is not otherwise appealable if:
>
> (1) the order to be appealed involves a controlling question of law as to which there is a substantial ground for difference of opinion; and
>
> (2) an immediate appeal from the order may materially advance the ultimate termination of the litigation.

TEX. CIV. PRAC. & REM. CODE ANN. § 51.014(d). We strictly construe this section permitting interlocutory appeal. *See Gulley v. State Farm Lloyds*, 350 S.W.3d 204, 206 (Tex. App.—San Antonio 2011, no pet.); *State Fair of Tex. v. Iron Mountain Info. Mgmt., Inc.*, 299 S.W.3d 261, 262–63 (Tex. App.—Dallas 2009, no pet.).

In the absence of the trial court's rulings on the substantive questions of law presented to it, we are without jurisdiction to hear this interlocutory appeal. *See Bank of N.Y. Mellon v. Guzman*, 390 S.W.3d 593, 597–98 (Tex. App.—Dallas 2012, no pet.); *see also Corp. of the President of the Church of Jesus Christ of Latter-Day Saints v. Doe*, No. 13-13-00463-CV, 2013 Tex. App. LEXIS 12543, at *8 (Tex. App.—Corpus Christi Oct. 10, 2013, no pet.) (per curiam) (mem. op.) ("Without a substantive ruling by the trial court as to why it denied the Church's motion, no controlling question of law has been presented for our analysis."). If this Court were to address the merits of the several controlling questions here, any opinion we were to issue in this interlocutory appeal would necessarily be advisory because there is nothing in the record showing that the trial court ruled on the specific legal issues presented for us to decide. *See Guzman*, 390 S.W.3d at 597; *Colonial Cnty. Mut. Ins. Co. v. Amaya*, 372 S.W.3d 308, 310–11 (Tex. App.—Dallas 2012, no pet.).

Much like the case before the Dallas Court of Appeals, here, "the trial court did not substantively rule on the controlling legal issues presented in the agreed interlocutory appeal and, instead, submitted the issues to this Court for a decision." *Guzman*, 390 S.W.3d at 597. We join our sister courts in concluding that the Legislature did not intend the parties to use Section 51.014(d) of the Texas Civil Practice and Remedies Code for such a purpose. *See, e.g.*, *Guzman*, 390 S.W.3d at 597; *Amaya*, 372 S.W.3d at 311; *Gulley*, 350 S.W.3d at 207.

## Conclusion

We refuse the petition seeking permissive appeal from this interlocutory order and dismiss the appeal for want of jurisdiction. *See* TEX. CIV. PRAC. & REM. CODE ANN. § 51.014(f); TEX. R. APP. P. 28.3(j), 43.2(f).

Mackey K. Hancock
Justice
