**Dismiss and Opinion Filed January 6, 2015**



In The

# Court of Appeals
# Fifth District of Texas at Dallas

### No. 05-14-00979-CV

**KEVIN R. DAVIS, Relator**
**V.**
**THE STATE OF TEXAS, Respondent**

**On Appeal from the 422nd Judicial District Court**
**Kaufman County, Texas**
**Trial Court Cause No. 90977-422**

## MEMORANDUM OPINION

Before Chief Justice Wright, Justice Lang-Miers, and Justice Stoddart
Opinion by Chief Justice Wright

By letter dated August 28, 2014, the Court questioned its jurisdiction over this appeal. Specifically, the Court questioned whether the order appealed in this case was a final judgment. Because the record before the Court does not reveal the existence of a final judgment disposing of all the claims and parties in the case, we **DISMISS** the appeal.

This is a forfeiture case concerning a pickup truck. The State's original petition in the case complained of two alleged possessors of the truck, appellant Kevin Davis and D'Wayne Baggett, who is not a party to this appeal. On July 16, 2014, the trial court signed an "Interlocutory Default Judgment as to Kevin Davis." Appellant filed a notice of appeal from this order on July 23, 2014.

The trial court's interlocutory default judgment expressly stated that it "does not dispose of any rights, title and/or interest as to D'Wayne Baggett." In addition, the trial court struck language from the proposed draft judgment stating that the judgment "is final and appealable as to Kevin Davis." It does not appear from the record before the Court that the trial court severed the claims against D'Wayne Baggett or in any other ways disposed of the D'Wayne Baggett's claim to the vehicle.

Because the clerk's record in the case appeared to negate our jurisdiction, by letter dated August 28, 2014 we directed appellant to file a jurisdiction brief addressing our jurisdiction over the appeal. By order dated September 9, 2014, we granted appellant additional time to file his jurisdictional brief and ordered that his brief be filed no later than October 13, 2014. To date, the Court has not received appellant's jurisdiction brief. Nevertheless, the Court must determine whether it has jurisdiction to proceed with this appeal, even if it is necessary to do so *sua sponte.* *Bank of New York Mellon v. Guzman,* 390 S.W.3d 593, 596 (Tex. App.—Dallas 2012, no pet.).

Generally, this Court has jurisdiction only over appeals from final judgments. *See Lehmann v. Har-Con Corp.*, 39 S.W.3d 191, 195 (Tex. 2001). A final judgment is one that disposes of all pending parties and claims. *Id.* Because the order in this case expressly states it does not dispose of any rights, title and interest of D'Wayne Baggett in the truck, the order is not a final judgment and it is not appealable. Because we find no basis for jurisdiction, we **DISMSS** the appeal.

140979F.P05

/Carolyn Wright/
CAROLYN WRIGHT
CHIEF JUSTICE

–2–



## Court of Appeals
## Fifth District of Texas at Dallas

## JUDGMENT

KEVIN R. DAVIS, Appellant

No. 05-14-00979-CV      V.

THE STATE OF TEXAS, Appellee

On Appeal from the 422nd Judicial District
Court, Kaufman County, Texas
Trial Court Cause No. 90977-422.
Opinion delivered by Chief Justice Wright.
Justices Lang-Miers and Stoddart
participating.

In accordance with this Court's opinion of this date, the appeal is **DISMISSED** for want of jurisdiction.

It is **ORDERED** that appellee THE STATE OF TEXAS recover its costs of this appeal from appellant KEVIN R. DAVIS.

Judgment entered January 6, 2015.