

# COURT OF APPEALS
## SECOND DISTRICT OF TEXAS
## FORT WORTH

### NO. 02-16-00135-CV

---

EAGLE GUN RANGE, INC., DAVID L. PRINCE, JUSTIN POLLARD, MARK SLIGER, JEFFREY D. SAUPP, AND BILL SCOTT

APPELLANTS

V.

QUINN BANCALARI, INDIVIDUALLY AND IN HIS CAPACITY AS ADMINISTRATOR OF THE ESTATE OF ALESSANDRO JON BANCALARI, DECEASED, AND FOR AND ON BEHALF OF ALL THOSE ENTITLED TO RECOVER FOR THE DEATH OF ALESSANDRO JON BANCALARI, UNDER THE TEXAS WRONGFUL DEATH AND SURVIVAL STATUTES AND CAVI BANCALARI AND NICOLE BANCALARI

APPELLEES

----------

FROM THE 442ND DISTRICT COURT OF DENTON COUNTY
TRIAL COURT NO. 15-07779-442

----------

# OPINION

----------

Eagle Gun Range, Inc., David L. Prince, Justin Pollard, Mark Sliger, Jeffrey D. Saupp, and Bill Scott, filed a "Petition for Order Permitting Interlocutory Appeal." We dismiss their petition for want of jurisdiction.

## Background

According to the petition, Allessandro Jon Bancalari (the deceased) went to Eagle Gun Range, Inc., rented a gun, purchased some ammunition, and committed suicide by shooting himself. Quin Bancalari (individually and as administrator of the estate of Allessandro Jon Bancalari, deceased, and for and on behalf of all those entitled to recover for the death of Alessandro Jon Bancalari under the Texas Wrongful Death and Survival Statutes), Cavi Bancalari, and Nicole Bancalari (collectively "the Bancalaris") brought suit against Eagle Gun Range, Inc., David L. Prince (the owner), Justin Pollard (an employee), Mark Sliger (an employee), Jeffrey D. Saupp (an employee), and Bill Scott (an employee) (collectively "the Eagle Gun Range defendants"). The Eagle Gun Range defendants responded by filing a "Rule 91a Motion to Dismiss Plaintiffs' First Amended Petition." Rule 91a of the Texas Rules of Civil Procedure is a recent rule; it became effective in 2013. Tex. R. Civ. P. 91a ("Dismissal of Baseless Causes of Action").

The trial court denied the Eagle Gun Range defendants' rule 91a motion without specifying any basis for its ruling. The order thereafter provides,

2

It is further ORDERED that [the Eagle Gun Range defendants], if desired, shall have the permission of the Court to pursue an interlocutory appeal on the controlling issue(s) of law that were the subject of [their] Motion to Dismiss to which there is a substantial ground for difference of opinion, including the following:

1. Whether [the Bancalaris'] claims, as a matter of law, are preempted by federal statute, the Protection of Lawful Commerce in Arms Act, 15 U.S.C. § 7901, *et seq.*?

2. Whether, as a matter of law, [the Bancalaris'] have alleged facts that, if true, state a cause of action for individual liability against the employee-Defendants Prince, Pollard, Sliger, Saup[p,] and Scott?

3. Whether, as a matter of law, [the Bancalaris] have alleged facts that, if true, state a cause of action for premises liability?

The Court finds that an interlocutory appeal will materially advance the ultimate termination of the litigation by narrowing the issues, claims[,] and causes of action in dispute and subject to trial.

The additional language is intended to fit within the framework of a permissive interlocutory appeal. Tex. Civ. Prac. & Rem. Code Ann. § 51.014(d)(1), (2) (West Supp. 2015) (authorizing permissive interlocutory appeal).

## Jurisdiction

We are required to review *sua sponte* jurisdictional issues. *Bank of N.Y. Mellon v. Guzman*, 390 S.W.3d 593, 596 (Tex. App.—Dallas 2012, no pet.). Appellate courts have jurisdiction over final judgments only, absent specific statutory authorization of an interlocutory appeal. *Id.* Courts strictly apply statutes granting interlocutory appeals because they are a narrow exception to

3

the general rule that interlocutory orders are not immediately appealable.  *CMH Homes v. Perez*, 340 S.W.3d 444, 447 (Tex. 2011).

Section 51.014(d) of the Texas Civil Practice and Remedies Code provides such an exception to the general rule; it provides that a trial court may permit an appeal from an otherwise non-appealable interlocutory order if:  "(1) the order to be appealed involves a controlling question of law as to which there is a substantial ground for difference of opinion; and (2) an immediate appeal from the order may materially advance the ultimate termination of the litigation."  Tex. Civ. Prac. & Rem. Code Ann. § 51.014(d)(1), (2).

To invoke this court's permissive-appeal jurisdiction, the trial court must make a substantive ruling on the controlling legal issue being appealed so that the legal issue presented to this court is the same legal issue determined by the trial court.  *See City of San Antonio v. Tommy Harral Constr., Inc.*, 486 S.W.3d 77, 84 (Tex. App.—San Antonio 2016, no pet.).  It does not matter that the trial court's order attempts to identify the controlling issue if the order does not show that the trial court made a substantive ruling on that controlling question of law. *See Great Am. E & S Ins. Co. v. Lapolla Indus., Inc.*, No. 01-14-00372-CV, 2014 WL 2895770, at *1–3 (Tex. App.—Houston [1st Dist.] June 24, 2014, no pet.) (mem. op.).  The interlocutory order cannot involve a controlling question of law until the trial court itself has made a substantive ruling on the controlling legal issue in the order.  *See Tommy Harral Constr., Inc.*, 486 S.W.3d at 80.

The trial court's order here does not contain any substantive ruling on any of the legal issues it has asked us to decide. *See Bank of N.Y. Mellon*, 390 S.W.3d at 596. It simply denies the Eagle Gun Range defendants' rule 91a motion to dismiss without further comment. Without any indication in the appellate record of the trial court's substantive ruling on the specific legal issues presented for our determination, this permissive appeal does not meet the strict jurisdictional requirements of section 51.014(d). *See Tommy Harral Constr., Inc.*, 486 S.W.3d at 84. As presented, the trial court has done nothing more than attempt to certify these legal questions for our review. Section 51.014(d) does not contemplate using an interlocutory appeal as a mechanism to present certified questions. *See Bank of N.Y. Mellon*, 390 S.W.3d at 597 (quoting *Gulley v. State Farm Lloyds*, 350 S.W.3d 204, 207 (Tex. App.—San Antonio 2011, no pet.)). Without any indication in the order or otherwise in the appellate record of the trial court's substantive ruling on the specific legal issues presented for our determination, this permissive appeal does not meet the strict jurisdictional requirements of section 51.014(d). *See Tommy Harral Constr., Inc.*, 486 S.W.3d at 84. Accordingly, we conclude that any opinion issued by this Court would necessarily be advisory because there is nothing in the record showing that the trial court ruled on the specific legal issues that are presented to us to decide. *See id.*; *Bank of N.Y. Mellon*, 390 S.W.3d at 597.

We dismiss the petition for want of jurisdiction.

5

/s/ Anne Gardner
ANNE GARDNER
JUSTICE

PANEL:  GARDNER, GABRIEL, and SUDDERTH, JJ.

DELIVERED:  June 22, 2016