

# In the
# Court of Appeals
# Second Appellate District of Texas
# at Fort Worth

———————————————

No. 02-18-00315-CV

———————————————

SCOTT EWING, D.O., Appellant

V.

MARGARET ANN COLIA, INDIVIDUALLY AND AS REPRESENTATIVE OF
THE ESTATE OF MILTON COLIA, Appellee

On Appeal from the 342nd District Court
Tarrant County, Texas
Trial Court No. 342-298286-18

Before Walker, Gabriel, and Pittman, JJ.
Memorandum Opinion by Justice Pittman

**MEMORANDUM OPINION**

On October 5, 2018, Scott Ewing, D.O. filed a petition for permission to appeal the trial court's September 21, 2018 interlocutory order denying his motion for summary judgment. Given the requirement that we strictly construe Texas Civil Practice and Remedies Code Section 51.014's permissive appeal requisites, we decline to entertain this appeal, and we hereby dismiss it for lack of jurisdiction. *See* Tex. Civ. Prac. & Rem. Code Ann. § 51.014(d)–(f) (West Supp. 2018); *Rogers v. Orr*, 408 S.W.3d 640, 642 (Tex. App.—Fort Worth 2013, pet. denied) ("We strictly construe a statute authorizing an interlocutory appeal because it is an exception to the general rule that only final judgments are appealable.").

Here, the order entered by the trial court denying Ewing's motion for summary judgment did not specify the basis for its ruling and merely stated that Ewing had "permission" to "pursue an interlocutory appeal." It is well-settled that to invoke this court's permissive-appeal jurisdiction, "the trial court must make a substantive ruling on the controlling legal issue being appealed so that the legal issue presented to this court is the same legal issue determined by the trial court." *Eagle Gun Range, Inc. v. Bancalari*, 495 S.W.3d 887, 889 (Tex. App.—Fort Worth 2016, no pet.); *see City of San Antonio v. Tommy Harral Constr., Inc.*, 486 S.W.3d 77, 84 (Tex. App.—San Antonio 2016, no pet.); Tex. R. Civ. P. 168 ("The permission **must** identify the controlling question of law as to which there is a substantial ground for difference of opinion,

and **must** state why an immediate appeal may materially advance the ultimate termination of the litigation.") (emphasis added).

Simply put, the trial court's order does not contain any substantive ruling on any of the legal issues it has asked us to decide. *See Eagle Gun Range*, 495 S.W.3d at 889; *Bank of N.Y. Mellon v. Guzman*, 390 S.W.3d 593, 596 (Tex. App.—Dallas 2012, no pet.). As a result, the requested permissive appeal does not meet the strict jurisdictional requirements of section 51.014(d). *See Eagle Gun Range*, 495 S.W.3d at 889; *Tommy Harral Constr., Inc.*, 486 S.W.3d at 84. We therefore conclude that any opinion issued by this Court would be advisory because there is nothing in the record showing that the trial court ruled on the specific legal issues we are being asked to decide. *See Eagle Gun Range*, 495 S.W.3d at 889–90; *Tommy Harral Constr., Inc.*, 486 S.W.3d at 84; *Bank of N.Y. Mellon*, 390 S.W.3d at 597.

Accordingly, we dismiss the petition for want of jurisdiction.


Mark T. Pittman
Justice

Delivered: October 25, 2018