# NO. 12-20-00249-CV

# IN THE COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT

# TYLER, TEXAS

| | | |
|---|---|---|
| *INTERNATIONAL BUSINESS MACHINES CORPORATION, APPELLANT* | § | *APPEAL FROM THE 159TH* |
| *V.* | § | *JUDICIAL DISTRICT COURT* |
| *LUFKIN INDUSTRIES, INC., APPELLEE* | § | *ANGELINA COUNTY, TEXAS* |

---

*MEMORANDUM OPINION*
*PER CURIAM*

International Business Machines Corporation filed a petition for permission to appeal. We dismiss the petition for want of jurisdiction.

## BACKGROUND

In March 2010, Lufkin Industries, Inc., a NASDAQ traded company that is an industry leader in manufacturing "engineered-to-order" power transmission gear boxes and "manufactured-to-order" oil field pumping units, entered into a Statement of Work (SOW) with IBM to replace Lufkin's Enterprise Resources Planning System with IBM's Express Solution.[1] IBM represented that its Express Solution was preconfigured in a way to manage both of Lufkin's product lines and would generate financial results for all of Lufkin's required reports.

After several failed implementation dates, and numerous Project Change Requests and substantial increases in implementation fees, Lufkin was forced to manually calculate payroll amounts and manually make payments to vendors because of the nonfunctioning Express Solution. Project materials were not delivered to the appropriate machine on a timely basis, and

---

[1] The Enterprise Resources Planning System is a computer software business operating system that integrates all departments and functions across the company.

1

Lufkin's products could not be shipped as scheduled and promised. Additionally, as a publicly traded stock on the NASDAQ stock exchange, Lufkin released quarterly reports. With the Express Solution unable to run its business operation system, Lufkin was unable to close its books for January, February, and March 2012. Lufkin was required to report the failed Express Solution implementation and the resultant problems to the public. Lufkin's stock price suffered.

After six months of a virtually nonfunctioning Express Solution, Lufkin invited IBM and SAP, a corporation that makes complex and sophisticated enterprise software to manage business operations, to assess what needed to be done to implement an effective operating system. IBM sent one person who did not have authority to take any action. SAP began analyzing what could be done to reconfigure the Express Solution so that its software would become operable. With SAP's help, along with third-party consultants, Lufkin developed an operating system after a year and a half of effort and an additional $7,544,545 paid to third-party consultants.

Lufkin sued IBM for numerous causes of action, including fraudulent inducement of a contract, fraud, and breach of contract. IBM filed a motion for summary judgment, claiming that Lufkin agreed to disclaim its reliance on IBM's representations made before signing the SOW, and consequently, Lufkin could not establish the reliance element of the fraudulent inducement and fraud claims as a matter of law.

The trial court denied IBM's motion, and the case proceeded to a jury trial. The jury determined that (1) IBM fraudulently induced Lufkin to execute the SOW, as modified by the PCRs, (2) IBM committed fraud against Lufkin and made a negligent misrepresentation on which Lufkin justifiably relied, (3) Lufkin had not waived or ratified IBM's fraudulent acts and was not estopped from asserting its fraud claims, (4) IBM breached the contract by failing to comply with the SOW, as modified by the nine PCRs, (5) Lufkin suffered ten million dollars in out-of-pocket damages, which represented the difference in the value of IBM's Express Solution and the amount Lufkin paid for it, and (6) Lufkin incurred eleven million dollars in "reasonable and necessary expenses incurred in attempting to restore operation of Lufkin's software." The jury awarded six million dollars on Lufkin's fraud claim, but no damages on its claims for negligent misrepresentation and breach of the SOW and no exemplary damages. The trial court entered a judgment in favor of Lufkin against IBM for $23,776,025.10. IBM appealed.

This Court reversed and rendered the judgment of the trial court awarding an alternative judgment of $6,000,000 to Lufkin on its fraud claim. ***Int'l Bus. Mach. Corp. v. Lufkin Indus.***,

*Inc.*, 564 S.W.3d 15, 37 (Tex. App.—Tyler 2017), *aff'd in part, rev'd in part* 573 S.W.3d 224 (Tex. 2019).  We reversed the portion of the judgment awarding $11,000,000 in mitigation expenses and suggested a remittitur in the amount of $3,455,455.  *Id*.  Lufkin timely filed a remittitur; thus, we modified the judgment to reflect that the amount of the judgment for mitigation damages awarded to Lufkin is reduced to the sum of $7,544,545.00, resulting in a reduction of total actual damages.  *Id*. at 37-38.  We further stated that Lufkin was entitled to prejudgment interest in the amount of $2,319,244.65, for a total award of $19,863,789.60.  *Id*. at 38.

The Texas Supreme Court granted IBM's petition for review and concluded that (1) Lufkin cannot recover for fraudulent inducement because it expressly disclaimed any reliance on IBM's misrepresentations, (2) Lufkin cannot recover for so-called string-along fraud for the same reason, and (3) Lufkin is entitled to a new trial on its claim for breach of contract because the evidence conclusively established that it suffered some amount of damages as a result of IBM's breach.  *Int'l Bus. Mach. Corp.*, 573 S.W.3d at 227-28.  Accordingly, the Supreme Court affirmed our judgment as to Lufkin's common-law-fraud claim, reversed the judgment as to Lufkin's fraudulent-inducement and breach-of-contract claims, rendered judgment for IBM on the fraudulent-inducement claim, and remanded the case to the trial court for a new trial on the breach-of-contract claim.  *Id*. at 236-37.

On remand, IBM filed a motion for summary judgment to challenge Lufkin's proposed damages model.  The trial court denied the motion but gave IBM permission to pursue a permissive appeal.  IBM filed its petition with this Court on November 2, 2020.

## JURISDICTION

In a civil action, the trial court may, by written order, permit an appeal from an order that is not otherwise appealable if: (1) the order to be appealed involves a controlling question of law as to which there is a substantial ground for difference of opinion; and (2) an immediate appeal from the order may materially advance the ultimate termination of the litigation.  TEX. CIV. PRAC. & REM. CODE ANN. § 51.014(d) (West Supp. 2019).  The "permission must identify the controlling question of law as to which there is a substantial ground for difference of opinion, and *must state why* an immediate appeal may materially advance the ultimate termination of the litigation."  TEX. R. CIV. P. 168 (emphasis added).  To invoke an appellate court's permissive-

appeal jurisdiction, the "trial court must make a substantive ruling on the controlling legal issue being appealed so that the legal issue presented to this court is the same legal issue determined by the trial court." ***Eagle Gun Range, Inc. v. Bancalari***, 495 S.W.3d 887, 889 (Tex. App.—Fort Worth 2016, no pet.). It matters not that the trial court "attempts to identify the controlling issue if the order does not show that the trial court made a substantive ruling on that controlling question of law." ***Id***. The trial court's order "cannot involve a controlling question of law until the trial court itself has made a substantive ruling on the controlling legal issue in the order." ***Id***.

On September 3, 2020, the trial court notified the parties that IBM's summary judgment motion was denied but that the trial court was inclined to permit a permissive appeal of whether: (1) recovery for breach of the SOW, if any, is limited to the amount paid for hours that were not performed or deliverables that were not supplied, (2) an "incremental-value damages theory" is impermissible for breach of the SOW, if any, and (3) recovery of Lufkin's alleged employee costs is barred for breach of the SOW, if any. In its summary judgment order, signed on October 16, the trial court denied IBM's motion, without stating the basis for the denial and further held as follows:

> The Court hereby permits an interlocutory appeal from the denial of the Motion for Summary Judgment on Damages under Texas Rule of Civil Procedure 168 and Section 51.014(d) of the Texas Civil Practice & Remedies Code.
>
> This order denying the Motion involves (1) a controlling question of law, (2) as to which there is a substantial ground for difference of opinion, and (3) the immediate appeal may materially advance the ultimate termination of the litigation.
>
> The issues of law as to which a permissive interlocutory appeal is being permitted are as follows:
>
> - Whether recovery for breach of the Statement of Work, if any, is limited to the amount paid for hours that were not performed or deliverables that were not supplied.
>
> - Whether an "incremental-value damages theory" for damages is impermissible for breach of the Statement of Work, if any.
>
> - Whether recovery of Lufkin's alleged employee costs is barred for breach of the Statement of Work, if any.
>
> There is a substantial ground for difference of opinion as to those issues because they are novel issues under Texas law.
>
> Further, an immediate appeal from the order may materially advance the ultimate termination of the litigation because it will foreclose duplicative litigation costs and remove years of litigation expense and effort from this case, should IBM prevail on appeal.

The order's language merely denies the motion for summary judgment and identifies the three issues of law. *See **Hartford Accident & Indem. Co. v. Seagoville Partners***, No. 05-15-00760-CV, 2016 WL 3199003, at *2 (Tex. App.—Dallas June 9, 2016, no pet.) (denial of summary judgment motion is not itself a substantive ruling on a controlling question of law). The order does not state why an immediate appeal may materially advance the ultimate termination of the litigation. TEX. R. CIV. P. 168. The order sets forth no substantive ruling on any of the three issues identified therein. Nor does the record otherwise indicate the trial court's substantive ruling on each issue. As such, the order serves as nothing more than an attempt to certify three legal questions for our review. Section 51.014(d) does not contemplate using an interlocutory appeal as a mechanism to present certified questions. ***Bancalari***, 495 S.W.3d at 889. Absent any indication in the order or otherwise in the appellate record of the trial court's substantive rulings on the three issues presented for this Court's review, this permissive appeal does not meet Section 51.014(d)'s strict jurisdictional requirements. ***Id***. Accordingly, any opinion issued by this Court would necessarily be advisory because there is nothing in the record showing that the trial court ruled on the specific legal issues that IBM presents to us to decide. ***Id***. at 889-90; ***Bank of New York Mellon v. Guzman***, 390 S.W.3d 593, 597 (Tex. App.—Dallas 2012, no pet.). Consequently, this Court lacks jurisdiction over the permissive appeal in this case. *See **McCroskey v. Happy State Bank***, No. 07-14-00027-CV, 2014 WL 869577, at *1 (Tex. App.—Amarillo, Feb. 28, 2014, no pet.) (absent trial court's rulings on substantive questions of law presented to it, appellate court lacks jurisdiction to hear permissive appeal).

<u>**DISPOSITION**</u>

Because the order purporting to authorize a permissive appeal is insufficient to invoke this Court's permissive appeal jurisdiction, we ***dismiss the petition for permission to appeal for want of jurisdiction***.

Opinion delivered November 18, 2020.
*Panel consisted of Worthen, C.J., Hoyle, J., and Neeley, J.*

5



# COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT OF TEXAS

# JUDGMENT

**NOVEMBER 18, 2020**

**NO. 12-20-00249-CV**

**INTERNATIONAL BUSINESS MACHINES CORPORATION,**
Appellant
V.
**LUFKIN INDUSTRIES, INC.,**
Appellee

Appeal from the 159th District Court

of Angelina County, Texas (Tr.Ct.No. CV-02073-13-02)

THIS CAUSE came to be heard on the appellate record; and the same being considered, it is the opinion of this Court that the petition for permission to appeal should be dismissed.

It is therefore ORDERED, ADJUDGED and DECREED by this Court that the petition be, and the same is, hereby **dismissed for want of jurisdiction**; and that this decision be certified to the court below for observance.

By *per curiam* opinion.
*Panel consisted of Worthen, C.J., Hoyle, J. and Neeley, J.*