

# Fourth Court of Appeals
## San Antonio, Texas

## MEMORANDUM OPINION

No. 04-21-00001-CV

**PROGRESSIVE COUNTY MUTUAL INSURANCE COMPANY**,
Appellant

v.

John G. **MCCORMACK**,
Appellee

From the 225th Judicial District Court, Bexar County, Texas
Trial Court No. 2019CI00469
Honorable Cathleen M. Stryker, Judge Presiding

PER CURIAM

Sitting:      Patricia O. Alvarez, Justice
                Luz Elena D. Chapa, Justice
                Irene Rios, Justice

Delivered and Filed: January 20, 2021

PETITION FOR PERMISSIVE APPEAL DENIED; REMANDED

Petitioner Progressive County Mutual Insurance Company seeks permission to appeal the trial court's denial of its motion for summary judgment. Because the petition does not meet the applicable requirements, we deny the petition and remand this cause to the trial court.

### BACKGROUND

Progressive County Mutual Insurance Company was sued by John G. McCormack, its insured, after Progressive denied coverage for an automobile accident in which McCormack's vehicle was struck by an underinsured tortfeasor driving a rental car. In its motion for summary

judgment, which included traditional and no-evidence grounds, Progressive argued that the Auto Policy's Self-Insurer Exception "precludes UM/UIM benefits when the tortfeasor is operating a rental car owned by a self-insurer."

On October 9, 2020, the trial court heard the motion; four days later, it issued a memorandum ruling denying the motion. On October 27, 2020, Progressive filed a "Motion for Reconsideration and/or Motion to Certify Interlocutory Appeal." On November 10, 2020, the trial court signed an order denying Progressive's motion for summary judgment. On December 17, 2020, the trial court signed one order denying Progressive's motion for reconsideration and another order granting Progressive's request for permission to seek interlocutory appeal.

### APPLICABLE LAW

Under certain conditions, "a trial court in a civil action may, by written order, permit an appeal from an order that is not otherwise appealable." TEX. CIV. PRAC. & REM. CODE ANN. § 51.014(d); *accord Sabre Travel Int'l, Ltd. v. Deutsche Lufthansa AG*, 567 S.W.3d 725, 730 (Tex. 2019). "Permission [to appeal] must be stated in the order to be appealed." TEX. R. CIV. P. 168; *see Hebert v. JJT Const.*, 438 S.W.3d 139, 141 (Tex. App.—Houston [14th Dist.] 2014, no pet.).

"An appellate court may accept an appeal permitted by Subsection (d) if the appealing party, not later than the 15th day after the date the trial court signs the order to be appealed, files in the [proper] court of appeals . . . an application for interlocutory appeal . . . ." TEX. CIV. PRAC. & REM. CODE ANN. § 51.014(f); *accord* TEX. R. APP. P. 28.3(c); *Sabre Travel*, 567 S.W.3d at 730–31; *see BPHC, LLC v. Perkins*, No. 03-18-00717-CV, 2019 WL 304417, at *1 (Tex. App.—Austin Jan. 24, 2019, no pet.) (mem. op.). A "court of appeals may extend the time to file the petition if the party . . . (1) files the petition within 15 days after the deadline, and (2) files a motion complying with Rule 10.5(b)." TEX. R. APP. P. 28.3(d); *accord Romero v. Gonzalez*, No. 13-16-00172-CV, 2018 WL 771893, at *1 (Tex. App.—Corpus Christi Feb. 8, 2018, no pet.) (mem. op.).

"We strictly apply statutes granting interlocutory appeals because they are a narrow exception to the general rule that interlocutory orders are not immediately appealable." *CMH Homes v. Perez*, 340 S.W.3d 444, 447 (Tex. 2011); *accord Eagle Gun Range, Inc. v. Bancalari*, 495 S.W.3d 887, 889 (Tex. App.—Fort Worth 2016, no pet.).

## DISCUSSION

In this case, we must deny Progressive's petition for at least two independently dispositive reasons. *See CMH Homes*, 340 S.W.3d at 447; *Eagle Gun Range*, 495 S.W.3d at 889.

First, the petition was not filed within fifteen days "after the date the trial court sign[ed] the order to be appealed." *See* TEX. CIV. PRAC. & REM. CODE ANN. § 51.014(f); *BPHC*, 2019 WL 304417, at *1. The trial court signed the order to be appealed from on November 10, 2020, but Progressive did not file its petition in this court until January 4, 2021, more than thirty days after the order to be appealed was signed. *Contra* TEX. R. APP. P. 28.3(c). Even if the petition met the other permissive appeal requirements, an untimely petition cannot invoke this court's jurisdiction. *See* TEX. CIV. PRAC. & REM. CODE ANN. § 51.014(f); *BPHC*, 2019 WL 304417, at *1.

Second, the order to be appealed—the trial court's November 10, 2020 order denying Progressive's motion for summary judgment—does not include the trial court's permission to appeal. *Contra* TEX. R. CIV. P. 168; *Hebert*, 438 S.W.3d at 141 ("[T]he trial court must issue a written order that includes both an interlocutory order that is not otherwise appealable *and* a statement of the trial court's permission to appeal this order under Texas Civil Practice and Remedies Code section 51.014(d)." (emphasis added)).

## CONCLUSION

Because Progressive's petition did not comply with the applicable statute and rules, we necessarily deny its petition for permissive appeal, and we remand this cause to the trial court.

PER CURIAM