NO. 07-09-00298-CV

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL B

APRIL 29, 2010

_____

KCCC PROPERTIES, INC., APPELLANT

v.

QUALITY VENDING, INC., APPELLEE

_____

FROM THE 237TH DISTRICT COURT OF LUBBOCK COUNTY;

NO. 2007-540,207; HONORABLE SAM ABEL MEDINA, JUDGE

_____

Before QUINN, C.J., and CAMPBELL and HANCOCK, JJ.

**OPINION**

Appellant, KCCC Properties, Inc. (KCCC), appeals a judgment following a bench trial that reformed a deed and a compromise settlement agreement to reflect the transfer of only one tract of land to KCCC from Quality Vending, Inc. (Quality). We affirm the judgment of the trial court.

Factual and Procedural Background

On March 24, 2004, a lease with option to purchase was executed by KCCC, through its President, Lester Payne, and Quality, through its officer, Jack Basden.[1] The property subject to the lease and option to purchase was described as:

> Lot 1 and the West 35 feet of Lot 2, Clutter 2nd Addition, an addition to the City of Lubbock, Lubbock County, Texas. (Street address: 902 East 34th Street, Lubbock[,] Texas)

On June 2, 2006, KCCC filed, in the public records of Lubbock County, Texas, a document, bearing document number 2006022694, styled "Notice of Lease With Option To Purchase." The property described in the document is the same property described in the lease with option to purchase set out above.

Subsequently, on October 19, 2006, Quality filed a declaratory judgment action seeking to quiet title to property it owned and in which KCCC was claiming an interest.[2] KCCC filed an answer to the lawsuit in which KCCC stated that Quality had agreed to sell the real property that was the subject of the lawsuit to KCCC. Both Quality and KCCC described the real property at issue in the 2006 lawsuit as that property covered by the lease with option to purchase and the Notice of Lease With Option to Purchase filed in the deed records of Lubbock County, Texas. Before trial, the parties executed a compromise settlement agreement and release of claims, and a special warranty deed

---

[1] Quality denied the authority of Jack Basden to execute a lease with option to purchase.

[2] The 2006 lawsuit was number 2006-536,901, filed in the 72nd District Court of Lubbock County, Texas.

was drawn transferring the real property from Quality to KCCC. However, the compromise settlement agreement, release, and deed described the property as:

> Tract I:
>
> LOT ONE (1) and the West 35 feet of LOT TWO (2), BLOCK TWO (2), CLUTTER SECOND ADDITION to the City of Lubbock, Lubbock County, Texas, according to the Map, Plat and/or Dedication Deed thereof recorded in Volume 321, Page 132 of the Deed Records of Lubbock County, Texas.
>
> Tract II:
>
> LOTS ONE (1) and TWO, BLOCK ONE (1), CLUTTER SECOND ADDITION to the City of Lubbock, Lubbock County, Texas, according to the Map, Plat and/or Dedication Deed thereof recorded in Volume 321, Page 132 of the Deed Records of Lubbock County, Texas.

After execution of the compromise settlement agreement and release of claims, an agreed order of dismissal was signed by the trial judge on January 24, 2007, dismissing cause number 2006-536,901.

On August 3, 2007, Quality filed the present lawsuit to reform and/or rescind the settlement agreement and special warranty deed. Trial was to the court without a jury and, as a result of the trial, judgment was granted reforming the settlement agreement and the special warranty deed. In each document, the reference to the second tract was ordered removed and the documents were reformed to reflect the transfer of only Tract I. The trial court filed findings of fact and conclusions of law. At the request of KCCC, the trial court filed additional findings of fact and conclusions of law.

3

KCCC appeals the judgment reforming the settlement agreement and deed. KCCC contends that the trial court erred because it failed to apply the principals of *res judicata* to give conclusive effect to the original 2006 judgment. In the alternative, KCCC contends that the trial court erred in reforming the compromise settlement agreement and special warranty deed because Quality was conclusively bound by the terms of the documents. Disagreeing with KCCC, we will affirm the judgment of the trial court.

*Res Judicata*

KCCC complains that the trial court failed to properly apply the law when determining the applicability of KCCC's claim preclusion theory of *res judicata* to the facts of this case. *Res judicata* is a generic term that describes the effects given to final judgments. Steger v. Muenster Drilling Co., Inc., 134 S.W.3d 359, 368 (Tex.App.—Fort Worth 2003, pet. denied). It is normally explained as either claim preclusion (*res judicata)* or issue preclusion (collateral estoppel). Id. As claim preclusion, *res judicata* prevents the relitigation of a claim or cause of action that has been finally adjudicated, as well as related matters that, with the use of diligence, should have been adjudicated. Barr v. Resolution Trust Corp., 837 S.W.2d 627, 627 (Tex. 1992). To succeed with a claim of *res judicata,* the proponent is required to prove three elements: 1) prior final judgment on the merits by a court of competent jurisdiction; 2) identity of parties or those in privity with them; and 3) a second action based on the same claims that were raised or could have been raised in the first action. Amstadt v. U.S. Brass Corp., 919 S.W.2d 644, 652 (Tex. 1996). Texas courts follow the transaction approach that bars

4

subsequent lawsuits that arise out of the same subject matter as the prior lawsuit when that subject matter could have been litigated in the prior lawsuit. Citizens Ins. Co. of Am. v. Daccah, 217 S.W.3d 430, 449 (Tex. 2007). A determination of what constitutes the subject matter of a suit necessarily requires an examination of the factual basis of the claim in the prior lawsuit. Barr, 837 S.W.2d at 630. Put another way, we must analyze the factual matters that make up the gist of the complaint. Id.

Standard of Review

Because we are required to examine the factual basis of KCCC's claim of *res judicata,* we must also take into consideration the findings of fact and conclusions of law prepared and filed by the trial court. Findings of fact in a case tried to the court have the same force and dignity as a jury's verdict upon questions. Anderson v. City of Seven Points, 806 S.W.2d 791, 794 (Tex. 1991). Therefore, we evaluate the sufficiency of the evidence to support those findings by the same standards for evaluating the legal and factual sufficiency of the evidence to support a jury verdict. See Catalina v. Blasdel, 881 S.W.2d 295, 297 (Tex. 1994). Under the legal sufficiency standard, we must credit evidence that supports the judgment if a reasonable fact finder could, and we must disregard contrary evidence unless a reasonable fact finder could not. See City of Keller v. Wilson, 168 S.W.3d 802, 827 (Tex. 2005). Unless there is no favorable evidence to support the challenged finding or the contrary evidence renders supporting evidence incompetent or conclusively establishes the opposite of the finding, we must affirm. See id. at 810–11. In reviewing the factual sufficiency of the evidence, we consider all the evidence and will set aside the finding only if the evidence supporting

5

the finding is so weak or so against the overwhelming weight of the evidence that the finding is clearly wrong and unjust. Dow Chem. Co. v. Francis, 46 S.W.3d 237, 242 (Tex. 2001).

A trial court's conclusions of law are always reviewable. Farmers Ins. Exch. v. Neal, 120 S.W.3d 493, 494 (Tex.App.—Texarkana 2003, no pet.); Westech Eng'g, Inc. v. Clearwater Constructors, Inc., 835 S.W.2d 190, 196 (Tex.App.—Austin 1992, no writ). Since a trial court has no discretion in determining what the law is or applying the law to the facts, we review a trial court's conclusions of law *de novo.* See In re Humphreys, 880 S.W.2d 402, 404 (Tex. 1994). Conclusions of law "will be upheld on appeal if the judgment can be sustained on any legal theory supported by the evidence" and, unless erroneous as a matter of law, will not be reversed. Westech Eng'g, Inc., 835 S.W.2d at 196. In conducting a *de novo* review, we may reexamine legal conclusions drawn from specific findings of fact contained in the record. Id. at 196 n.1. We exercise our own judgment on each issue and afford no deference to the original tribunal's decision. See Quick v. City of Austin, 7 S.W.3d 109, 116 (Tex. 1999).

Analysis

Our analysis begins with the trial court's findings of fact. After hearing the evidence, the trial court found that:

> 3. On March 18, 2004, Quality and KCCC Properties, Inc. (KCCC) executed an "option to purchase real estate" described as follows:
>
> > Lot 1 and W 35' of Lot 2, Block 2, Clutter 2nd Addition, Lubbock County, Texas (902 E. 34th, Lubbock, TX 79404) [This property is Tract 1 of the property conveyed to Quality on September 21, 2000.]

4. KCCC rented the property described in the option to purchase real estate until June, 2006.

5. On June 6, 2006, KCCC filed for record with the Lubbock County Clerk, in document number 2006022694, its:

Notice of Lease with Option to Purchase

Notice of Exercise of Option to Purchase

6. The June 6, 2006 documents referenced only Tract I property previously described as follows:

Lot 1 and the West 35 feet of Lot 2, Block 2, Clutter 2nd Addition, an addition of City of Lubbock, Lubbock County, Texas (Street address: 902 East 34th Street, Lubbock[,] Texas)

The trial court further found that KCCC tendered a check for $7,500 for the purchase of the subject property, but, Quality did not negotiate the check. Subsequently, Quality filed the 2006 lawsuit seeking to set aside the "exercise of the option to purchase." Finally, the trial court found, in finding of fact 10, that:

The parties discussed the issues in dispute between them and on November 6, 2006, KCCC filed its "First Answer of Defendant," stating that the case had been settled in accordance with the option to purchase dated March 24, 2004, and the Notice of Lease with Option to Purchase and Notice of Exercise of Option to Purchase filed in the Official Public Records of Lubbock County, Texas (document number 2006022694).

Our review of the record reveals that these findings of fact are supported by the exhibits offered and the testimony of the witnesses. Thus, we have determined that the evidence is legally sufficient to support the findings of fact. City of Keller, 168 S.W.3d at 810-11. From a factual sufficiency perspective, we cannot say that the evidence

7

supporting the finding is so weak or so against the overwhelming weight of the evidence that the findings are clearly wrong and unjust. Dow Chem. Co. 46 S.W.3d at 242.

When these findings, and the evidence supporting them, are applied to the law of *res judicata*, we are left with the conclusion that the subject matter of the 2006 lawsuit was limited to Tract I. Citizens Ins. Co. of Am., 217 S.W.3d at 449. This being so, KCCC, as the proponent of *res judicata*, has failed to prove the third element of a claim of *res judicata,* that the second action is based on the same claims that were raised or could have been raised in the first action. Amstadt, 919 S.W.2d at 652. Accordingly, we overrule KCCC's first issue.

Error in Granting Reformation

By its second issue, KCCC contends that the trial court erred in granting reformation of the deed in question because Quality was conclusively bound by the terms of the documents previously executed between the parties. It is unclear whether KCCC's alternative second issue is attacking the legal sufficiency of the evidence to support the trial court's judgment of reformation of the deed or the trial court's application of the law to the facts. We will address each argument, beginning with the second argument.

If KCCC is attacking the trial court's application of the law to the facts as found by the trial court, we view the issue as simply a recasting of the argument made by KCCC in its first issue. As we have determined that issue, we will not further address that issue.

8

If KCCC is claiming that the evidence was legally insufficient to support the trial court's judgment, then we are left with trial court findings that have not been challenged on appeal. These unchallenged findings are binding upon this court, unless the contrary is established as a matter of law. McGalliard v. Kuhlmann, 722 S.W.2d 694, 696 (Tex. 1986). With that understanding, we will analyze the issue under the standards of review for a challenge to the legal sufficiency of the evidence, as set forth above.

Reformation of a deed

In Davis v. Grammer, 750 S.W.2d 766, 768 (Tex. 1988), the Texas Supreme Court noted that a party is entitled to reformation of a deed upon proving that the parties to a transaction had reached an agreement but the deed executed by the parties did not reflect the true agreement because of mutual mistake. Previously, the Texas Supreme Court had stated that, "Equity has jurisdiction to reform written instruments in cases of mutual mistake, but a written contract will not be reformed in equity because of a mistake, in the absence of fraud, unless it is mutual, that is, common to both parties, and each under the same mistake as to its terms." St. Paul Fire & Marine Ins. Co. v. Culwell, 62 S.W.2d 100, 101 (Tex. 1933). Further, the Court has reaffirmed that mutual mistake is not determined by self-serving statements of the parties' intent, but rather soley by objective circumstances surrounding the execution of the deed. See Myrad Props., Inc. v. LaSalle Bank Nat'l Ass'n, 300 S.W.3d 746, 751 (Tex. 2009). Finally, courts are authorized to award rescission to avoid unjust enrichment in cases based upon mistakes. Id.

<u>Analysis</u>

The trial court's findings of fact, as set forth in detail in the first issue, and the evidence reflected in the record at trial, support the proposition that the parties had reached an agreement concerning Tract I. The record also supports the proposition that Tract I was the only subject matter of the earlier lawsuit. Additionally, the trial court found, and the record supports, that both parties believed that KCCC was buying only Tract I from Quality. See <u>St. Paul Fire & Marine Ins. Co.</u>, 62 S.W.2d at 101. Therefore, both parties executed the deed in question under the belief that they were transferring Tract I alone. Yet, their actions had the result of transferring Tract II to KCCC despite the expressed desire, as found by the trial court, to transfer only Tract I. See <u>Myrad Properties, Inc.</u>, 300 S.W.3d at 751. According to the findings of the trial court, as supported by the record, KCCC would be unjustly enriched if the deed was not reformed. See <u>id</u>. All of these facts found by the trial court support the reformation of the deed and are unchallenged. See <u>McGalliard</u>, 722 S.W.2d at 696. Therefore, we overrule KCCC's second issue.

Conclusion

Having overruled KCCC's two issues, we affirm the judgment of the trial court.


Mackey K. Hancock
Justice