

# COURT OF APPEALS
# EIGHTH DISTRICT OF TEXAS
# EL PASO, TEXAS

---

No. 08-25-00081-CV

---

Ridgefield Permian Minerals, LLC and Jim Hall, Appellants

v.

DOH Oil Company, Appellee

---

On Appeal from the 143rd District Court
Loving County, Texas
Trial Court No. 20-08-1000

---

## MEMORANDUM OPINION

Appellants Ridgefield Permian Minerals, LLC and Jim Hall filed suit against Appellee DOH Oil Company to establish title to mineral interests in Loving County. The trial court granted summary judgment for DOH on their res judicata defense. We hold that the interests at issue in this case were not the subject matter of previous litigation and are therefore not barred by res judicata. We reverse.

1

# I. Factual and Procedural Background

## A. Competing claims

This case involves competing claims to mineral interests in Loving County that were once owned by Lula B. Eades. In 2000, in one single lawsuit, Loving County and the Wink-Loving Independent School District foreclosed on the mineral and royalty interests of more than 80 owners, including those of Eades. DOH alleges that after the foreclosure, it acquired Eades' interests by a Sheriff's Tax Deed in July 2001. Ridgefield claims it acquired some of Eades' interests in 2020 through deeds from Eades' successors. Hall, a successor of Eades, retained a portion of his interests.

Ridgefield, Hall, and other successors to Eades' interests filed suit against DOH to quiet title and for declaratory judgment, to recover payment for proceeds of sale, for an accounting, and for unjust enrichment and money had and received. They claimed that the liens at issue in the 2010 Loving County tax suit only extended to royalty interests in the production under a specific lease which had reverted and therefore could not be foreclosed on. DOH asserted affirmative defenses including res judicata and counterclaims for filing fraudulent documents against real property, tortious interference with contract, tortious interference with real property, civil conspiracy, and to quiet title.

## B. DOH's Res Judicata defense

DOH purchased not only Eades' foreclosed interest, but also those of other defendants to the 2000 Loving County tax suit. In 2010 Endeavor Energy Resources, L.P. filed a petition in interpleader in the 441st Judicial District of Midland County to resolve rival claims to interests that were originally owned by R.E. Abbott and, like the interests here, were foreclosed on in the Loving County tax suit and conveyed to DOH by sheriff's deed. The parties in the Midland County

2

suit—DOH and Abbott's successors—agreed to a judgment that declared that "DOH Oil Company acquired all of the right, title and interest of R.E. Abbott and his heirs and assigns pursuant to a corrected Sheriff's Tax Deed." Ridgefield later purchased the interests of some of R.E. Abbotts heirs and assigns.

DOH argues that even though the property interests and original owners involved in this case are different than those involved in the 2010 Midland County case, this case "arises from the same nucleus of operative facts as the 2010 lawsuit." Essentially, they argue that since the 2010 judgment declared that DOH had valid title to the Abbott interests which were subject to the 2000 foreclosure suit, it bars from Ridgefield from challenging DOH's title to *any other* interests that were subject to the foreclosure.

### C. Motion for summary judgment

DOH moved for traditional summary judgment on its res judicata defense. Ridgefield responded to the motion, arguing that res judicata does not apply because none of the interests at issue in this case were derived from Abbott or his successors and because Ridgefield had not acquired any interests at the time of the Midland County case and so could not have raised any claims in that suit. Ridgefield also asserted that it did not have notice of the Midland County judgment because it was not filed in Loving County and was therefore a bona fide purchaser.[1]

### D. Trial court order

On January 23, 2025, the trial court entered summary judgment for DOH dismissing all of Plaintiffs'[2] claims and ordering "that all right, title, and interest in and to the mineral estate in and

---

[1] In the trial court, Ridgefield filed a motion for leave to amend its answer to assert the affirmative defense of bona fide purchaser. Ridgefield represents that the trial court did not rule on this motion.

[2] Although DOH's motion for summary judgment argued only that *Ridgefield's* claims are barred by res judicata and requested judgment that *Ridgefield* take nothing, the judgment dismisses the claims of all Plaintiffs. The parties do not address this discrepancy.

under [the subject property] is hereby quieted in DOH Oil Company against Plaintiffs, and title to the disputed interest is hereby vested in DOH Oil Company."

Because the summary judgment did not resolve DOH's counterclaims, it is not a final appealable judgment. *New York Underwriters Ins. Co. v. Sanchez*, 799 S.W.2d 677, 678–79 (Tex. 1990) (per curiam). Ridgefield and Hall sought and the trial court granted permission to file an interlocutory appeal. They then filed a petition for permissive appeal in this Court. While that was pending, the trial court amended its order for summary judgment and included the permission to appeal in the amended order. We granted Ridgefield's petition for permissive appeal.

Ridgefield and Hall raise two issues: (1) res judicata does not bar their claims and, alternatively, (2) res judicata does not deprive Ridgefield of a bona fide purchaser defense.

## II. DOH's Motion to Dismiss

Before discussing the merits of this appeal, we first consider DOH's motion to dismiss. DOH argues that this Court does not have jurisdiction because the trial court's order does not meet the requirements necessary for a permissive appeal.

A trial court may grant permission to appeal an interlocutory order that is not otherwise appealable if:

(1) the order to be appealed involves a controlling question of law as to which there is a substantial ground for difference of opinion; and

(2) an immediate appeal from the order may materially advance the ultimate termination of the litigation.

Tex. Civ. Prac. & Rem. Code Ann. § 51.014 (d)(1), (2).[3] Permission to appeal must be included in the order to be appealed. Tex. R. Civ. P. 168; *Heinrich v. Strasburger & Price, L.L.P.*,

---

[3] The only exclusion from the type of orders that can be permissively appealed are orders in cases brought under the Family Code. Tex. Civ. Prac. & Rem. Code Ann. § 51.014(d–1).

4

No. 01-15-00473-CV, 2015 WL 5626507, at *1 (Tex. App.—Houston [1st Dist.] Sept. 24, 2015, no pet.) (mem. op.) (per curiam) ("[W]e lack jurisdiction to receive this appeal, in which the two matters have been divided into two separate orders."); *Progressive Cnty. Mut. Ins. Co. v. McCormack*, No. 04-21-00001-CV, 2021 WL 186675, at *2 (Tex. App.—San Antonio Jan. 20, 2021, pet. denied) (mem. op) (per curiam) (same). Originally, the trial court granted permission to appeal and summary judgment in two separate orders; however, it later rectified this deficiency, as it is allowed to do, by entering an amended order. Tex. R. Civ. P. 168 ("An order previously issued may be amended to include such permission.").

## A. Order involves a controlling issue of law

For a trial court order to involve a controlling issue of law as required for a permissive appeal, the trial court must not only identify the issues, but it must also substantively rule on them. *Archibald v. El Paso Orthopedic Surgery Group, P.A.*, No. 08-22-00091-CV, 2023 WL 2214184, at *6 (Tex. App.—El Paso Feb. 24, 2023, no pet.) (mem. op.); *Dafashy v. Jimenez*, No. 01-17-00767-CV, 2017 WL 6001526, at *1 (Tex. App.—Houston [1st Dist.] Dec. 5, 2017, no pet.) (mem. op.) (per curiam); *Borowski v. Ayers*, 432 S.W.3d 344, 347 (Tex. App.—Waco 2013, no pet.); *Eagle Gun Range, Inc. v. Bancalari*, 495 S.W.3d 887, 889 (Tex. App.—Fort Worth 2016, no pet.). "Section 51.014(d) is not intended to relieve the trial court of its role in deciding substantive issues of law properly presented to it." *Gulley v. State Farm Lloyds*, 350 S.W.3d 204, 207–08 (Tex. App.—San Antonio 2011, no pet.). DOH argues that the trial court failed to substantively rule on the controlling issues of law that are the subject of this appeal.

The trial court's order states that it granted summary judgment "on the grounds stated in DOH Oil Company's Motion to Vacate and Second Motion for Summary Judgment." The only ground on which DOH moved for summary judgment, and therefore, the ground on which the trial

5

court ruled, was res judicata. *Cf. Ridgefield Permian Minerals, LLC v. DOH Oil Co.*, No. 08-25-00033-CV, 2025 WL 1161458, at *3 (Tex. App.—El Paso Apr. 21, 2025, no pet.) (mem. op.) (explaining that we could not infer the trial court's ruling because DOH moved for summary judgment on two different grounds and the trial court did not state on which it relied).

DOH also complains that the issues are not appropriate for a permissive appeal. In a permissive appeal "the controlling issue needs to be solely a question of law unconstrained by procedural or factual issues." *El Paso Tool & Die Co., Inc. v. Mendez*, 593 S.W.3d 800, 805 (Tex. App.—El Paso 2019, no pet.). DOH argues that the bona fide purchaser issue involves a procedural question (whether the defense was waived) and a factual one (whether Ridgefield had actual or constructive knowledge of Midland County judgment). But these are not the controlling issues identified by the trial court in its order. The trial court specified that the question it certified for a permissive appeal was "whether an unrecorded judgment purporting to affect title can bar a *bona fide* purchaser without notice or knowledge of the judgment under *res judicata* principles." In other words, we are not asked to decide if Ridgefield raised a fact issue about whether he was a bona fide purchaser, but whether that defense is even available when res judicata applies. To the extent the legal issues identified by the trial court touch on possible disputed facts, our holding today does not require their resolution.

### B. Materially advance the termination of litigation.

DOH also contends that the trial court's order fails to explain the reasons "why an immediate appeal may materially advance the ultimate termination of the litigation" as required by Rule 168. The summary judgment order states:

> The Court agrees that an immediate appeal from this order will materially advance the ultimate termination of the litigation and preserve judicial economy. If these controlling issues of law are resolved in Plaintiffs' favor, Plaintiffs' claims to good title would proceed to trial. If these controlling issues of law are resolved in DOH

6

Oil Company's favor, Plaintiff's would take nothing by reason of their claims and DOH would proceed to trial on its counterclaims and third-party claims.

This statement differs from those in orders that have been held insufficient to meet permissive appeal requirements because they simply recite the statutory language. *See, e.g., Ochoa v. Avila as Next Friend for Avila*, No. 08-23-00051-CV, 2023 WL 1991579, at \*2 (Tex. App.—El Paso Feb. 14, 2023, no pet.) (mem. op.); *Mack v. Pittard*, No. 04-24-00201-CV, 2024 WL 2836624, at \*3 (Tex. App.—San Antonio June 5, 2024, no pet.) (mem. op.) (per curiam).

As DOH points out, resolution of these issues does not terminate the case; a trial would still be necessary. But permissive appeals only require that an appeal *may advance* the termination of litigation; it does not require that the appeal resolve all issues and end litigation. *Zurich Am. Ins. Co. v. MB2 Dental Sols., LLC*, 698 S.W.3d 355, 360 (Tex. App.—Dallas 2024, pet. dism'd). In this case, the remaining claims are affected by the determination of the issues in this appeal; deciding now whether Ridgefield's claims are barred by res judicata will determine the scope of the trial, preventing the certainty of a second trial if we reversed the summary judgment order after a final judgment. *Cf. id.* ("We simply conclude that the 'may materially advance' standard is not satisfied where, as here, other significant issues and claims are not only left pending but also would be unaffected by how the certified question of law and challenged order may be resolved.").

### C. Discretion to deny

Finally, DOH urges us to exercise our discretion to deny the permissive appeal. The Texas Supreme Court has cautioned, "Just because courts of appeals can decline to accept permissive interlocutory appeals does not mean they should." *Sabre Travel Int'l, Ltd. v. Deutsche Lufthansa AG*, 567 S.W.3d 725, 732–33 (Tex. 2019). Instead, we should be mindful of the "the legislative intent favoring early, efficient resolution of determinative legal issues." *Id*. at 732. Although we have discretion to deny the permissive appeal, we decline to exercise it in this case.

7

DOH's motion to dismiss this appeal is denied.

## III. ANALYSIS

### A. Standard of review

A party may move for traditional summary judgment when "there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law." Tex. R. Civ. P. 166a(c). "A defendant moving for summary judgment on the affirmative defense of limitations has the burden to conclusively establish that defense." *Exxon Mobil Corp. v. Rincones*, 520 S.W.3d 572, 593 (Tex. 2017) (quoting *KPMG Peat Marwick v. Harrison Cnty. Hous. Fin. Corp.*, 988 S.W.2d 746, 748 (Tex. 1999)). We review summary judgments *de novo*. *Id.* at 579.

### B. Res Judicata

Res judicata bars claims that have already been litigated or that "arise out of the same subject matter and that could have been litigated in the prior action." *Amstadt v. U.S. Brass Corp.*, 919 S.W.2d 644, 652 (Tex. 1996). "The doctrine seeks to bring an end to litigation, prevent vexatious litigation, maintain stability of court decisions, promote judicial economy, and prevent double recovery." *Citizens Ins. Co. of Am. v. Daccach*, 217 S.W.3d 430, 449 (Tex. 2007).

A claim is barred by res judicata if there is proof of three elements: "(1) a prior final judgment on the merits by a court of competent jurisdiction; (2) identity of parties or those in privity with them; and (3) a second action based on the same claims as were raised or could have been raised in the first action." *Amstadt*, 919 S.W.2d at 652. Appellants do not dispute that the Midland County judgment is a final judgment by a court of competent jurisdiction, satisfying the first element, but contests the second and third elements. Because it is dispositive, we address only the third element.

8

**C. Same claims that were raised or could have been raised**

Are Ridgefield's claims regarding the Eades' mineral interests the same as those that were raised or could have been raised in the Midland County suit? To answer this question, we look not to the causes of action in each suit, but whether both claims arise from the same *subject matter*. *Barr v. Resolution Tr. Corp. ex rel. Sunbelt Fed. Sav.*, 837 S.W.2d 627, 631 (Tex. 1992).

DOH claims that the subject matter of this case and the Midland case were the same because both concern interests that were foreclosed on in the 2000 Loving County tax suit and whether DOH acquired valid title to those interests. Under DOH's argument, the simple fact that the taxing entities decided to include multiple defendants and interests in one foreclosure suit, rather than filing a separate suit for each owner, limits the owners' right to challenge the foreclosure. According to DOH, if one of Ridgefield's predecessors challenged the foreclosure, then Ridgefield cannot challenge the foreclosure of *any other* of its predecessors. However, the two suits in this case pertain to different real property interests. The Midland County suit resolved claims to mineral interests in Section 14, Block C-26 of Loving County The interests at issue in this case are in Section 3, Block C-27 of Loving County. Real property interests, which include mineral interests, are unique. *Cherokee Water Co. v. Freeman*, 145 S.W.3d 809, 816 (Tex. App.—Texarkana 2004, pet. denied); *Stillwell v. Stevenson*, 668 S.W.3d 844, 853 (Tex. App.—El Paso 2023, pet. denied) ("It is well settled in Texas that mineral interests are interests in real property."). As a result, claims about "separate and distinct parcel[s] of real estate" do not involve the same subject matter. *Cherokee Water Co.*, 145 S.W.3d at 816; *see also S. Pac. R. Co. v. United States*, 183 U.S. 519, 533 (1902) ("Of course the decrees that were rendered in [prior] cases are conclusive of the title to the property involved in them . . .; but as to property which was not involved in those suits they are conclusive only as to the matters which were actually litigated and determined.");

9

*Last Chance Min. Co. v. Tyler Min. Co.*, 157 U.S. 683, 687 (1895) ("The particular matter in controversy in the adverse suit was the triangular piece of ground, which is not the matter of dispute in this action. The judgment in that case is therefore not conclusive in this as to matters which might have been decided, but only as to matters which were in fact decided."); *KCCC Properties, Inc. v. Quality Vending, Inc.*, 312 S.W.3d 231, 235–36 (Tex. App.—Amarillo 2010, pet. denied) (holding that res judicata did not bar second suit when subject matter of first suit was limited to a different tract of land than that at issue in the second suit). This is true even when the parties and claims were the same in both suits.[4] *Cherokee Water Co.*, 145 S.W.3d at 816 (res judicata did not apply when second suits involved the same parties and claims of adverse possession because the subjects of the two suits were different property).

Because the subject matter of the Midland County suit (mineral interests in Section 14) was different than the subject matter of this case (mineral interests in Section 3), res judicata does not apply. Given this holding, we need not reach whether res judicata's second requirement of privity of parties is met or whether a bona fide purchaser defense can be raised to defeat res judicata. We sustain Ridgefield's first issue.

## IV. CONCLUSION

Because the mineral interests at issue in this lawsuit were not adjudicated in the 2010 Midland County suit, res judicata does not bar Ridgefield's suit. The judgment of the trial court is reversed, and the case is remanded for further proceedings.

---

[4] Nonetheless, we note that the record does not indicate what grounds Abbotts' successors based their claims in the prior suit.

MARIA SALAS MENDOZA, Chief Justice

September 30,2025

Before Salas Mendoza, C.J., Palafox and Soto, JJ.